Fanning vs. The State of Missouri.

---

### FANNING vs. THE STATE OF MISSOURI.

1. The 25th section, article 6, Practice in Criminal Cases, requiring the discharge of persons indicted and committed to prison, if not brought to trial, before the end of the second term of the court having jurisdiction, held after indictment found, unless the delay happens on the application of the prisoners, or be occasioned by want of time to try the case at such second term, is applicable alone to pending indictments. In computing time under it, the period of confinement under previous indictments for the same offence which were dismissed by *nolle prosequi*, or suspended by the finding of a subsequent indictment, must not be included.

2. An attempt by a prisoner to make his escape by using a false key, is admissible evidence against him.

3. Records of former indictments against a prisoner for the same offence, which have been dismissed by *nolle prosequi*, or suspended by a subsequent indictment, are not admissible evidence for him.

## APPEAL from St. Louis Criminal Court.

It is contended:

I. The indictment found at the July term of the criminal court, 1849, and upon which the defendant was tried and convicted, is defective, in not setting out the means by which the room of Patten was broken open and entered. Whether the inner door, mentioned in the indictment was entered by means of false keys, or by picking the lock, or by forcing the lock

Fanning vs. the State of Missouri.

or bolts, or by breaking the same down, does not appear from the indictment. The case of Conner vs. State, decided at the present term of this court, is relied upon in support of this position.

II. The court erred in admitting illegal, irrelevant and incompetent evidence.

The evidence of Jennings, that the defendant escaped from the city prison in Nov. 1848, was illegal in any way in which it can be viewed. According to the position taken by the State, the indictment found in Nov. '48, and in March and July, '49, were for different offences, and of which of these offences does his escape from the city prison imply an admission of guilt? If the evidence is competent under any circumstances, which is here denied, it could only have been admitted on a trial on the indictment found in Nov. '48, and which was abandoned in March, '49. The evidence of Martin, jailor, is not sanctioned by any authority of law, and was undoubtedly introduced, not to prove guilt, but to prejudice the jury and increase the measure of punishment in case of conviction. Martin does not state when the keys, about which he testifies, were made. According to the decision of the court in the case of Conner vs. State, the legal effect of the variance between the indictments found in Nov. '48, and the facts in the case, is to constitute an offence different from the one charged in the indictment of March, '49; consequently if these keys, &c., were made before the finding of the indictment in March, (and the defendant has been in jail since the 5th of Feb. preceding) then, as is before contended, the implied admission of guilt attached to the evidence by the State, could only have been competent under the indictment found in '48. But the evidence was admitted on a trial not under the last mentioned indictment, or for any offence charged by it.

III. The court erred in refusing the defendant license to put the following question to Martin: "Do you know he (defendant) has been trying to get a trial ever since he has been committed to jail?"

The argument of the State is, that the attempted escape of the defendant impliedly admits by endeavoring to avoid the consequences of a trial. If this argument is seriously advanced the defendant had a right to rebut the presumption by proving by the same witness facts tending to show that so far from avoiding a trial, he had used his best endeavors to obtain a trial long before that time. If the object, however, was to create prejudice, it was competent to show facts calculated to remove it. It was also error in the court to exclude the evidence that the continued delays and continuences of this cause had not been caused by the defendant, and that said delays were not caused by want of time to try the case. The evidence was competent in consequence of the course pursued by the prosecution, and to support the position that the prosecution of the indictment ought to be barred by lapse of time.

IV. The court erred in refusing the instructions asked for by the defendant. The indictment was not sustained by the proof, there being no evidence to show that the defendant entered the house of Bower and Hurlbut, through an open door or apurture not made by him, which is necessary to show that the offence comes under the section of the statute upon which the indictment was drawn. This question is raised by the 1st and 2nd instructions asked for by the defendant and refused by the court.

V. The defendant was entitled to his discharge from the offence for which he was tried and convicted, because the indictment for that offence had not been prosecuted within the time prescribed by law.

The indictments found at the March and July terms of criminal court were both in point of law and fact for the same offence, the act being the same in all respects as to time, place and persons. The defendant insists that he was, under any circumstances, entitled to his discharge at the end of the September term of the court, 1849. The affidavits filed in support of his motions for a discharge show clearly that no delay had taken place by any act of his own. The continuences in every instance were on the part of the State. If the doctrine of the circuit attorney be correct, that an indictment can be found upon one section of the 7l?! 'tr, and the defendant confined in jail the time prescribed by law, entitling him to his dii th i gi,

and then his imprisonment prolonged by quashing that indictment and finding a new one, on another section, defining another degree of the same offence, the object of the statute, which is to carry out the constitutional right of every citizen to have a speedy and impartial trial, would be defeated. Under this construction of the law, a man might be indicted for the crime of burglary, and by keeping him in prison three terms under indictments framed successively upon each section of the statute, creating different degrees of offence, he might, in the county of St. Louis, be confined three years without a trial, and in counties where there are but two terms of the court annually, it might be in the power of a court to imprison a person at least six years without a trial. If the order for a change of venue actually had the effect to transfer the cause to St. Charles county, as alleged by the circuit attorney, and was not properly in the St. Louis criminal court until the 3d day of October following, then the indictment found at the July term, and all proceedings thereon, were void for want of jurisdiction, the criminal court having no power to act in a case actually pending in another court. The changing the venue was, however, a mere nullity; no one at the time being aware of the passage of the act preventing changes of venue from St. Louis county. It occasioned no delay, however, and the defendant through his counsel, attempted to get the case disposed of at the ensuing term, and this action on his part rebuts the idea of any delay occasioned by him, and entitled him to a final discharge at the next term.

VI. The indictment of July term being for the same offence as the indictment found at the March term preceding, it follows that a discharge from prosecution, under the latter, is a bar to any proceeding under the former, and consequently the motion made by defendant 3d October, '49, having been sustained, he ought to have been discharged from further imprisonment, and all further proceedings against him suspended.

### LACKLAND, for the State.

I. The court did not err in admitting the evidence proving the escape of the defendant, and other evidence going to show the conduct and behavior of defendant before or after the charge was preferred against him. "In almost every criminal case a portion of the evidence laid before the jury consists of the conduct of the party at the time of or after being charged with the offence. Thus it is frequently proved that upon being charged he fled, or afterwards made his escape." Rosc. Crim. L., p. 17, 18.

II. The court did not err in refusing to discharge defendant under 25th sec., art. 6 of Practice and Proceeding in Criminal Cases : the end of the second term after the indictment was found upon which defendant was imprisoned, had not arrived.

III. The court did not err in refusing to admit the record and proceedings against defendant, had in other indictments against him in the trial of this indictment upon a plea of not guilty.

Upon the trial of a plea of not guilty, it would be incompetent to prove that defendant was entitled to discharge from imprisonment upon some other indictment. If he had been discharged so far as relates to the offence, and was afterwards indicted and on trial for the same offence, such prior discharge is only available by pleas in bar.

### RYLAND, J., delivered the opinion of the court.

The appellant was first indicted on the 25th day of Nov. 1848, in the St. Louis criminal court, for the crime of burglary.

He was arrested and lodged in the calaboose, from which he broke out, and was afterwards re-arrested in the city of New Orleans, under

the requisition of the Governor of this State, and brought back to St. Louis.

The appellant was brought to trial on this first indictment on the 15th March, 1849. During the progress of the trial, the circuit attorney entered a nolle prosequi, on account of a variance in the names of the persons whose dwelling house was said to have been broken into and entered. The dwelling house was charged to be the dwelling house of Samuel A. Bowen, and the proof showed the house to be the dwelling house of Samuel A. Bowen and William Hurlbut.

The defendant was again indicted on the same day that the nolle prosequi was entered.

On the 12th day of April, 1849, at the same term of the court at which the second indictment was found, the defendant was brought to trial and convicted. A motion was made for a new trial, and on the 28th day of same month, April, 1849, a new trial was granted. On the 1st of May the defendant prayed for a change of venue, and it was ordered to St. Charles circuit court. And nothing further is seen upon the record of this cause, until some time in October following. There was no law authorizing a change of venue in criminal cases in St. Louis county, when the order of change was made—a new statute prohibiting it, which was not known to the court or counsel when the order was made.

The State after this order of change of venue again indicted the defendant, being the third indictment, which last indictment was found by the grand jury on 22nd of August, 1849, being at the July term of the said criminal court.

This last indictment had the effect to suspend the one that had been sent by change of venue to St. Charles county, according to the fourth sec. of the fourth art. of Practice in Criminal Cases. Rev. Code, 1845, p. 867-8.

On this last indictment the defendant was tried on the 21st of Dec. 1849, and was convicted, and sentenced to ten years imprisonment in the State Penitentiary. A motion was made for a new trial, overruled, excepted to, and the defendant brings the case to this court by appeal.

The trial of this last indictment was continued at one term after it was found, that is at September term 1849 for want of time to try it.

The defendant moved the court to discharge him from this last indictment on the 29th of August shortly after it was returned into court He also moved the court to discharge him on the 1st of Nov. 1849. These motions were founded on the 25 sec. of art. 6, Practice in Criminal Cases, "If any person indicted for any offence and committed to

prison shall not be brought to trial, before the end of the second term of the court, having jurisdiction of the offence, which shall be held after such indictment found, he shall be entitled to be discharged so far as relates to the offence for which he was committed unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the case at such second term." Both of these motions were overruled by the court, and excepted to, and this action of the criminal court is one of the grounds relied on by the appellant for a reversal of the judgment.

There is no pretence for any grounds on which their motions can be sustained as far as regards this indictment. There was but one term of the court which intervened between that at which the indictment was found and that at which the trial was had, viz: September term, 1849, and then this case was continued for want of time to try it. The first indictment was not in force; a nolle prosequi had been entered on it by leave of the court, by the circuit attorney.

The second indictment had been tried once, the defendant convicted thereon, a new trial granted to him on his motion therefor, after which he procured an improper (because there was no law authorizing it) change of venue to St. Charles county. I do not think the court below committed any error in overruling these motions.

The only remaining points are the admission of improper evidence and the refusal to give instructions.

The circuit attorney gave evidence of the defendant's attempt to make his escape by using a false key, &c. The appellant complains of this as error. This kind of evidence comes within the principles of the authorities cited in brief of the counsel for the State. See Roscoe's Criminal Evidence, pages 17, 18; Wharton's Criminal Law, 197, and I cannot say that the admission was wrong.

There is no error in the act of the court below in refusing the leave to defendant below to admit the records of the two former indictments against the defendant. These had nothing to do with the facts of the case, nor with the guilt or innocence of the defendant and could not possibly have any legal bearing on the subject before the jury.

We find no fault with the instructions given, nor with the court in refusing those refused. I think the cause was fairly put on all the facts and the law before the jury, and I am unwilling to disturb their verdict.

Let the judgment, therefore, be affirmed.