————O————

STATE OF MISSOURI, Respondent, *vs.* ALFRED WILLIAMS, Appellant.

1. *Practice, criminal—Trial—Imprisonment—Attempts to escape.*—In a criminal case attempts to escape by the defendant after arrest are admissible in evidence.

2. *Practice, criminal—Stolen property—Possession of.*—The recent possession of stolen property is presumptive evidence of the guilt of the possessor, and conclusive unless explained.

*Appeal from Macon Circuit Court.*

*Barrow & McGindley, with Guyselman & Pope,* for Appellant.

SHERWOOD, Judge, delivered the opinion of the court.

The defendant was indicted for grand larceny. After the usual introduction, the indictment charges:

"That Alfred Williams, late of said County of Macon, on the 22nd day of August, A. D. 1872, at said County of Macon, one pair of boots of the value of eleven dollars of the goods and chattels of Charles Waggerman, then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

In support of the allegations of the indictment, evidence was adduced, which, although circumstantial, tended very strongly to fasten guilt upon the accused.

During the progress of the trial, the sheriff was introduced as a witness on the part of the State, and was asked, if the prisoner, while imprisoned, had made any attempt to escape, and, against the objections of the defendant's counsel, was per-. mitted to answer the question, which he did in the affirmative.

At the conclusion of the testimony, the court gave, on behalf of the prosecution, such instructions as are usually given in prosecutions of this character, and which were entirely applicable to the facts as detailed in evidence, and, after giving on the part of the defendant an instruction respecting reasonable doubt, refused the other instructions asked in his behalf.

The jury found a verdict of guilty; and after an unsuccessful motion for a new trial, this cause comes here on writ of error.

Numerous errors are assigned by defendant's counsel, of which those only worthy of note will now be commented on.

No serious objection can be successfully urged to, the indictment; it sets forth with sufficient clearness and precision all the ingredients of the offense charged. (W. S., 1090, § 27; State vs. Wilcoxen, 38 Mo., 370; State vs. Stumbo, 26 Mo., 306.)

It was perfectly competent for the State to prove the attempted escape of the prisoner. Flight has always been held as inducing a strong presumption of guilt, and attempts to escape during imprisonment are placed by the authorities on the same footing. (1 Whart. Am. Crim. L., § 714; Fanning vs. State, 14 Mo. 386).

There was no error in the instruction, which told the jury, that the recent possession of stolen property is presumptive evidence of the guilt of the possessor. Such possession, unless explained, either by direct evidence, or attending circumstances, or the character and habits of the party with whom the property is found, or by some other mode equally satisfactory as to the innocence of the accused, will be taken as conclusive. (1 Greenl. Evid., §§11, 34; Id. § 32; State vs. Creson,

38 Mo., 372; State vs. Floyd, 15 Mo., 349 ; Rosc. Crim. Evid., 16, 18.)

The other instructions for the State were equally as unobjectionable as the one just cited, and placed the whole matter very fairly before the jury; and consequently, no prejudice could have resulted to the defendant, even if the instructions asked on his part had been unexceptionable.

And the point urged that the defendant was not present in court, when the verdict was returned and judgment entered thereon, is contradicted by the record itself.

For these reasons, with the concurrence of the other judges, the judgment will be affirmed.