WILLIAMS v. THE STATE.

FLIGHT—FORFEITURE OF BAIL.—Except in cases of circumstantial evidence, evidence of the flight of defendant and of his forfeiture of bail are inadmissible on the part of the State.

APPEAL from Burleson.   Tried below before the Hon. A. S. Broaddus.

George Williams was convicted of assault with intent to murder, and his punishment fixed at two years' confinement in the penitentiary.

On the trial Dick Wilson, for the State, testified that in

the summer of 1873 he went, on defendant's invitation, to his house, he having told witness that he could make defendant's house his home.     Witness went there about noon, and about two o'clock in the day, while saddling his mule to leave, defendant having ordered him to quit his house, defendant, with a Derringer pistol, shot witness in the left side of the face, near the ear, the bullet passing inside of his mouth and being spit out by him.     The injury done by the wound impaired witness' hearing in that ear, and caused much pain.     Up to that time defendant and witness had been friends.     Witness had been kind to defendant; had paid money for him; and that witness had no ill-feeling towards defendant.

On cross-examination, witness stated that he took a bottle of whisky to defendant's, and that both drank of it; that witness had made complaint before a justice of the peace against defendant, and subsequently went to the justice and stated that both were to blame, and asked that the case should be dismissed.

Over objection the district attorney read from the records of the court the bail bond of defendant, and its forfeiture in this case.     And by the jailer it was proved that defendant had been committed to jail, and had broke out and fled.

Esther Williams, for the defendant, testified that Dick Wilson came to the house of the defendant about a year ago with a bottle of whisky; that he was drinking when he came, and that in about an hour he appeared to be nearly drunk; that defendant told Wilson to leave the house; that Wilson then went to the field, got his mule, brought it to the house, was saddling it, and then, with his pocket-knife in his hand, advanced towards defendant, who was standing by a post of the gallery at his own house, and said to him, (defendant:) "Now, if you want anything of me, you can get it."     Wilson then, with his knife in his hand, started towards defendant, when witness, being frightened, ran towards the gate and saw no more of the

difficulty, but heard a pistol fire directly after running from the house.

Witness is the step-daughter of defendant. The venue was proved. There was a contradiction between the witness Williams and Wilson as to the conversations about the difficulty.

No brief for the appellant.

*George Clark, Attorney General,* for the State.

The facts of appellant's escape and forfeiture of his bond were admissible in evidence. (Porter *v.* The State, 2 Carter, (Ind.,) 435; Dean's Case, 4 Gratton, 541; Whaley *v.* The State, 11 Georgia, 123; Fanning *v.* The State, 14 Mo., 386; 21 Md., 509; Oliver *v.* The State, 17 Ala., 587–598; 25 Ala., 75; 14 Miss., 786; Boles *v.* The State, 24 Miss., 445; Lambeth *v.* The State, 23 Miss., 322; State *v.* Keys, 28 Georgia, 127.)

GOULD, ASSOCIATE JUSTICE.—The evidence is direct and uncontradicted that appellant did shoot and wound Dick Wilson, but is conflicting as to the circumstances under which it was done. If Wilson was to be believed, the shot was fired without any justification or excuse whatever. If however Esther Williams, the step-daughter of defendant, told the truth, Wilson, immediately preceding the shot, was advancing on defendant with a knife in his hand and using language indicating his readiness for a fight. There was no question as to who did the shooting, and we are unable to see that in a case like this evidence that defendant had forfeited his bail bond, and that, in connection with other prisoners, he escaped from jail by passing out, ought to have been admitted. To the admission of evidence of the forfeiture objection was made and was overruled.

When the guilt of a defendant is sought to be established by circumstantial testimony, evidence that he endeavored

to escape when he found himself charged with the offense is admissible as tending to show a consciousness of guilt. (Roscoe Crim. Ev., 17.)

Some cases established by direct evidence are cited by the attorney general where subsequent efforts to escape were allowed to be proved; but it may be questioned whether they can be maintained on principle. (Porter *v.* State, 2 Carter, (Ind.,) 435; Whaley *v.* State, 11 Ga., 123; 4 Gratton, 541; Fanning *v.* The State, 14 Mo., 386.) No authority has been cited however for the admissibility of evidence of the forfeiture of defendant's bond for his appearance as having any legitimate bearing on the question of guilt. We are of opinion that this evidence, and that in regard to the escape, if the latter had been objected to, should have been excluded; and as we cannot say that it may not have injured the defendant, and had some weight with the jury, we think this error requires a reversal of the case. (Cooper *v.* State, 19 Tex., 449)

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.