## L. S. BLAKE *v.* THE STATE.

3   581
74T 561
28   214

1. HOMICIDE — CHARGE OF THE COURT. — Being tried for murder, the appellant was convicted of manslaughter, and assigns as error that the court below charged the jury on murder in the first degree, though there was no evidence to which the charge was applicable. *Held,* that, not having been convicted of murder in the first degree, appellant cannot complain of this feature of the charge.

2. SAME — REASONABLE DOUBT. — The necessity and propriety, in murder cases, of a charge upon the doctrine of reasonable doubt, not only on the general issue of guilt or innocence, but also as between the degrees of culpable homicide, has been conclusively settled in this state by repeated adjudications. Note a charge in this case which, though complained of in this respect, is held to meet all the requirements of the law.

3. EVIDENCE. — As a general rule, if no objection be made to evidence when offered, and no motion to exclude it from the jury be made, the admissibility of the evidence cannot be questioned in the motion for new trial, nor in this court on appeal.

4. SAME — FLIGHT. — Evidence that the accused, after the commission of the homicide, made his escape and had to be brought back for trial, is competent for the state. The admissibility of such proof is not limited to cases of circumstantial evidence, as appears to have been held in *Williams* v. *The State,* 43 Texas, 182.

5. CONFLICT OF EVIDENCE. — The preponderance of testimony is not necessarily dependent upon the relative numbers of the conflicting witnesses; and something more than such a numerical preponderance is necessary to warrant this court in setting aside a verdict found by a jury and approved by a judge whose opportunities to determine the credibility of the witnesses were better than those accessible to an appellate court.

6. SELF-DEFENSE. — The exercise of the right of self-defense must not exceed the bounds of mere defense and prevention; and the facts and circumstances must be such that the jury can say that the accused had reasonable grounds for his belief of the necessity under which he acted. See instructions given on this subject in the present case, and held to be eminently correct.

APPEAL from the District Court of Milam. Tried below before the Hon. S. FORD.

The killing of Ezra Tarver by the appellant occurred in a drinking-saloon in Cameron, the county seat of Milam County, on October 30, 1876. These parties, it seems,

were strangers to each other, but appellant was in company with John Lamkin, who seems to have incurred the ill-will of Tarver. The latter, according to the witnesses, was taking a drink out of a decanter at the bar, when Lamkin called on the bar-keeper for drinks for himself and the appellant, and they stepped up to the bar, the appellant being next to, and on the left of, Tarver. As they approached the bar, Tarver either motioned towards or pushed the appellant, and said that no d—d man should drink with Lamkin where he was; whereupon, appellant asked him what he meant, or told him he did not understand him. Tarver raised the decanter a few inches from the counter in a menacing manner, and then set it back on the counter, and appellant told him that if he raised it again, to strike him with, he would shoot him. Thereupon, Tarver again seized and brandished the decanter in a threatening manner, though not within striking distance, and the appellant shot him twice. He died in a few minutes.

In some important particulars there was a conflict between the witnesses for the state and those for the defense, especially as to the stage of the altercation at which the appellant drew his pistol, and as to whether Tarver was or was not advancing on, or striking at, the appellant when the latter fired.

The defense proved that Tarver "was drinking," and several witnesses stated that he was a violent and desperate man when excited by liquor. The opinion of this court discloses the facts immediately pertinent to the rulings.

*R. J. Boykin* and *Martin & Rogers*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.    The defendant, Blake, was indicted in the

District Court of Milam County, at the fall term, 1876, for the murder of Ezra Tarver. The jury found the defendant guilty of manslaughter, and assessed his punishment at confinement in the penitentiary for five years.

The defendant has assigned the following errors, to wit:

" 1. The court erred in charging the jury on murder in the first degree, and instructing them that, if they had no reasonable doubt of defendant's being guilty of murder in the first degree, they would so find, when there was no evidence to which such charge was applicable.

" 2. The court erred in failing to instruct the jury, after its charge on manslaughter, to the effect that, if they had a reasonable doubt as to defendant's being guilty of manslaughter, or of murder in the second or first degree, they should acquit.

" 3. The charge of the court was calculated to make the impression upon the jury that the court believed the defendant guilty.

" 4. The court erred in allowing the state to prove, over defendant's objection, that defendant did not appear at the term of the court next succeeding his arrest.

" 5. The court erred in overruling defendant's motion for a new trial."

As to the first error assigned, we deem it only necessary to say that, as defendant was not adjudged guilty of murder in the first or second degree, the defendant cannot complain of the charge of the court on murder in the first degree.

It is often a matter of great importance to a defendant to have the benefit of whatever reasonable doubt may arise in determining the grade and degree of his crime; and the propriety and necessity of a charge upon the reasonable doubt between the different degrees, in cases of murder, especially when such a charge is asked by defendant, has been conclusively settled by several decisions in this state.

*Monroe* v. *The State*, 23 Texas, 210 ; *Villareal* v. *The State*, 26 Texas, 107 ; *Guagando* v. *The State*, 41 Texas, 634 ; *Murray* v. *The State*, 1 Texas Ct. App. 417.

The charge of the court is an admirable one, distinguished alike for its correctness in presenting the law of the case, and for the clearness with which it is so forcibly expressed. It gives the definition of murder as it is defined in the statute, the difference between murder in the first and the second degree, the legal signification of express malice and implied malice ; and defines manslaughter and homicide in self-defense. The tenth subdivision of the charge is as follows :

" 10. Every person accused of crime is presumed to be innocent until his guilt is established by legal evidence, and, in case the jury have a reasonable doubt of the guilt of the defendant, they should acquit. The jury are the sole judges of the weight of the evidence and of the credibility of the witnesses. If they believe defendant guilty from the evidence, but have a reasonable doubt whether he is guilty of murder of the first or of the second degree, they will acquit of murder in the first degree and find him guilty of murder in the second degree ; or, if they believe from the evidence that the defendant is guilty, but have a reasonable doubt whether he is guilty of murder in the second degree or of manslaughter, they will acquit of murder in the second degree and find him guilty of manslaughter."

Certainly this instruction gives the defendant the benefit of reasonable doubt, not only upon the general question of the guilt or innocence of the accused, but also as between the different degrees of culpable homicide, so as to accord him the benefit of such a doubt, and as between degrees of the offense. The defendant neither excepted to the charge nor asked any additional instructions.

We think the charge of the court presented the law of the

case arising from the facts in evidence in an impartial manner, and that it was not calculated to make the impression upon the jury that the court believed the defendant guilty.

On the trial of the cause the counsel for the state asked the witness Livingston the following question : " Was the defendant here at the last term of the court?" to which question the defendant objected because the same " was irrelevant;" when the court permitted the same to be asked, stating " that perhaps the relevancy might be shown," to which the defendant replied that this would be right if its future relevancy could be shown ; whereupon the witness answered that " the defendant was not here at the last term of the court." The presiding judge, on signing the bill of exceptions on this point, says that, " When the above question was asked, the court did not perceive the object of it, but supposed it to be introductory to something else. When the subsequent questions were asked of the witness, and his answers given, no objection was made by. the defendant's counsel, and no exception was taken, and no motion was made to exclude the evidence." To the other questions asked for the purpose of showing that defendant had been brought back to the state from Louisiana, no objection was made to it at the time the testimony was given, and no motion was made to exclude it from the jury by the defendant.

If no objection is made to testimony at the time it is admitted, and no motion subsequently made to exclude it from the jury, as a general rule its admissibility cannot be questioned on a motion for a new trial, or for the first time in this court. *Alderson* v. *The State*, 2 Texas Ct. App. 14 ; *Pierce* v. *The State*, 12 Texas, 218 ; *Davenport* v. *Lackie*, 8 Texas, 351.

As we have been pointedly asked to pass upon the admissibility of such evidence, we deem it not improper to state that we believe, if objection had been made at the proper time to this testimony, such objection should have

been overruled. It was admissible for the state to prove that defendant had made his escape after the homicide was committed, and had to be brought back. We are aware of the fact that our Supreme Court in one case — to wit, in the case of *Williams* v. *The State*, 43 Texas, 182 — have held that evidence of the flight of a defendant, and of his forfeiture of bail, is inadmissible on the part of the state, except in cases of circumstantial evidence. We do not believe this ruling can be maintained on principle or authority.

In the case of *Porter* v. *The State*, 2 Carter, 435, evidence of the forfeiture of defendant's bail-bond for his appearance was held as admissible testimony on the trial of the accused for the alleged felony. We make the following extract from the opinion of the Supreme Court of Indiana: " The state was permitted to prove that, after the defendant was arrested upon a charge of the alleged crime, he left the country and forfeited his recognizance. This was proper evidence to go to the jury." The defendant in this case of *Porter* v. *The State* was on trial for rape, charged to have been committed by him on one Margaret Mayo, and the prosecution relied for a conviction on direct evidence. We have not been able to find any other case, except that of *Williams* v. *The State*, which restricts such testimony to cases of circumstantial evidence.

Mr. Wharton, in his work on Criminal Law, recognizes the flight of a defendant to which no proper motive can be assigned, like other attempts to evade or escape justice, as proper evidence to go to the jury and be considered by them in forming their verdict. 1 Whart. Cr. Law, sec. 714. No proposition is better deducible from the constitution of human nature and the structure of the human mind (and by our almost daily observation confirmed) than that guilt shuns investigation and seeks concealment. It is equally true that guilty persons do not always hide themselves or fly. In the case of *The People* v. *Stanley*, 47 Cal.

118, the court say : " It is well settled that the flight of a person suspected of crime is a circumstance to be weighed by the jury, as tending, in some degree, to prove a consciousness of guilt, and is entitled to more or less weight, according to the circumstances of the particular case. Such evidence is received, not as a part of the *res gestœ* of the criminal act itself, but as indicative of a guilty mind. At most it is but a circumstance tending to establish a consciousness of guilt in the person fleeing."

The only remaining error assigned is the action of the court in overruling defendant's motion for a new trial. We have already noticed all the grounds set out in this motion except the following :

" 1. Because the verdict is contrary to law and evidence ; and,

" 2. On the ground of newly-discovered evidence."

The witnesses differed somewhat in their version of the difficulty. After a careful examination of the entire record, our conclusion of the whole matter is that there is no want of testimony to sustain the verdict. Where there is a conflict in the evidence in a material point, and the conclusion drawn by the jury is warranted by the facts and the law arising upon them, we do not feel authorized to reverse the judgment unless it is manifestly wrong.

The district judge, trying the case, has much better means of judging as to the weight to be given to the evidence of the different witnesses, by seeing their manner of testifying and their apparent intelligence, than the Court of Appeals upon merely seeing their evidence in writing. The weight of evidence does not necessarily depend upon the number of witnesses. This court will not undertake to control the action of the District Court and jury trying the case, unless there has been something more than a mere preponderance in the number of witnesses who testify to facts inconsistent with guilt.

The main question in this case is, Did the defendant kill Tarver in self-defense? The charge of the court as applicable to this branch of the case is eminently proper and correct. At the expense of being tedious, we will copy it into this opinion. It is as follows:

" 6. But, if you find from the evidence that the defendant shot and killed Tarver, he would be justifiable in doing so, and would be guilty of no offense, if he did so in the defense of his own life or person under any of the following circumstances: First, defendant would be justified in the killing if it is shown to have been done to prevent Tarver from murdering or maiming him; but in that case it must reasonably appear by the acts, or by the words coupled with the acts, of Tarver that it was the purpose and intent of Tarver to murder or maim defendant, and the killing must have taken place while Tarver was in the act of committing such offense, or after some act done by him showing evidently an intent to commit such offense. Or, secondly, if you believe from the evidence that Tarver made any other unlawful and violent attack on defendant, besides one with intent to murder or maim defendant, then defendant would be justified in defending himself from such attack and in taking the life of deceased. But, to justify himself in killing Tarver to defend himself from an attack from Tarver not amounting to an assault to murder or maim, defendant must have resorted to all other means for the prevention of the injury, and the killing must have taken place while Tarver was in the very act of making such unlawful and violent attack; but in this event the defendant would not be bound to retreat to avoid the necessity of killing the deceased. Or, thirdly, if you believe that defendant killed Tarver, but also believe that Tarver was attacking defendant, and that such attack produced in defendant a reasonable expectation or fear of death or some serious bodily injury, then defendant would be justified in the killing, and it would make no

difference whether the danger was real or imaginary, if it had the appearance of being real."

Self-defense is a defensive and not an offensive act, and must not exceed the bounds of mere defense and prevention. To justify a homicide there must be at least an apparent necessity to ward off by force some unlawful and violent attack. It is not enough that the party believed himself in danger, unless the facts and circumstances were such that the jury can say he had reasonable grounds for his belief.

The newly-discovered evidence was cumulative, and was not likely to change the result if produced on another trial. The motion for new trial on account of newly-discovered evidence is defective, also, in not attaching the affidavits of the parties from whom he obtained the information that the witnesses sought would testify as he states they would ; nor does he give any reason why such affidavits are not attached and presented in support of his motion. He does give some reasons why he does not present the affidavits of the witnesses themselves. This is not sufficient when it is within his power to place before the court the evidence upon which his own affidavit is founded.

We believe that defendant had a fair and impartial trial. Eight witnesses, who witnessed the difficulty, testified in this case that they were present and saw the killing, and gave their version of it, as seen and heard by them ; and we find nothing in the entire record which requires a reversal of the judgment.

The judgment of the District Court is affirmed.

*Affirmed.*