The State v. Babb.

The State v. Babb, *Appellant.*

1. **Criminal Law:** VENUE. Where the venue of the crime is not shown by the record to have been proved, a judgment of conviction will not stand.

2. **Larceny :** ERRONEOUS INSTRUCTIONS.  On an indictment for stealing from a store certain specified articles of merchandise, an instruction that the prisoner may be convicted if he "feloniously took *any* of of the goods then in the store," is erroneous.  And so is an instruction that he is guilty if he "feloniously took *or* carried away any of the goods."

3. ———— : PRESUMPTION OF GUILT FROM RECENT POSSESSION.  The presumption of guilt from recent possession of stolen property, is not confined to cases of theft, nor to any class or species of felony, but is applied even in cases where the highest penalties are inflicted.

4. ———— : IDENTITY, OPINION ADMISSIBLE AS TO.  On a trial for larceny a witness will be allowed to give his opinion, based on his personal knowledge, as to the identity of goods found on the defendant, though he cannot swear positively.

| 76 | 501 |
| 31a | 159 |
| 76 | 501 |
| 98 | 645 |
| 76 | 501 |
| 106 | 62 |
| 76 | 501 |
| 111 | 540 |
| 76 | 501 |
| 118 | 141 |
| 76 | 501 |
| 132 | 281 |
| 76 | 501 |
| 137 | 593 |
| 76 | 501 |
| 141 | 288 |
| 144 | 29 |
| 76 | 501 |
| 149 | 381 |
| 76 | 501 |
| 156 | 256 |
| 76 | 501 |
| 157 | 180 |
| 159 | 543 |
| 76 | 501 |
| 166 | 594 |
| 76 | 501 |
| 170 | ³408 |

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge. .

REVERSED.

William C. Babb was indicted for burglary in the second degree and larceny. The charge was for breaking into the store of J. Bymaster, in Greene county, on the 30th day of October, 1879, by forcibly removing a plank which covered a broken pane of glass, and in which store, it was averred, there were deposited and kept for sale, divers goods, wares and merchandise, and other valuable property of said John Bymaster, with intent to steal the goods, etc., thus kept in said store, and also that he did then and there feloniously and burglariously take, steal and carry away certain goods, chattels, etc., (naming each article and its value,) and other valuable things of said John Bymaster in said store. The indictment was found by a special grand jury on the 6th day of January, 1880. Defendant was tried on the 9th and found guilty of burglary, as charged in the indictment, and his punishment assessed at imprisonment in the penitentiary for a period of five years. His motions for a new trial and in arrest, were overruled, and exceptions taken, and sentence passed, from which he regularly appealed—but he has been confined in said penitentiary under said sentence ever since it was rendered—three years.

There was no evidence that either offense charged was committed in Greene county. Nor does it anywhere appear in the bill of exceptions or in any part of the record, that the store in which the burglary and larceny were charged to have been committed, is situated in that county. After the prosecuting witness had said in reply to a question put by defendant's attorney, "I don't know that any of the property was ever mine," the court asked the witness, "From everything you know in relation to the case of your own personal knowledge, state to the jury whether

you believe these goods shown to you to be yours," to which the witness, against the objections of defendant's counsel, replied, " I believe them to be my goods," without stating any grounds upon which his belief was founded.

*F. P. Wright* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

## I.

SHERWOOD, J.—As it does not appear from the record that any venue was proven, the judgment will not be allowed to stand. *State v. McGinniss*, 74 Mo. 245; *State v. Burgess*, 75 Mo. 541.

## II.

The first instruction given on behalf of the State is faulty in two particulars: in telling the jury that defendant could be found guilty of larceny if he " feloniously took, etc., any of the goods, wares and merchandise then in said store." The defendant was only punishable on that trial, on account of such goods, etc., as were charged in the indictment and proven to have been stolen. *State v. McGraw*, 74 Mo. 573; and in telling the jury that defendant was guilty of larceny, if he " feloniously stole, took *or* carried away any of the goods," etc. The jury might well have inferred that a felonious caption of the goods was unnecessary to constitute the offense of larceny. And the instruction should have defined the offense of burglary and also that of larceny.

## III.

The instruction as to the recent possession of stolen property was properly given. *State v. Kelly*, 73 Mo. 608; *State v. Williams*, 54 Mo. 170. And the presumption which the law raises as to recent guilty possession is not confined to theft, nor to any class or species of felony, but is applied even in cases where the highest penalties are inflicted—as

in a case of arson, where property which was in the house when the arson occurred was soon afterward found in the possession of the prisoner; *Pickman's case*, 2 East P. C. 1035; 1 Greenleaf Ev., § 34; 3 Ib., § 57; and in cases of burglary and larceny. *State v. Brewster*, 7 Vt. 122. And in this case we regard the possession of the property as sufficiently recent to amount to what is termed " guilty possession." The breaking and larceny were proven to have occurred on the 30th day of October, and on the 2nd day of December, 1879—and shortly after each of such breakings, articles such as the owner had in his store were found in defendant's possession.

## IV.

And we regard the identity of the goods as having been sufficiently established. The owner positively identified the key of his store found in defendant's possession, along with other articles, resembling in every respect, those charged in the indictment and proven to have been stolen; and it was for the jury to say whether, considering all the circumstances of the case, they were satisfied beyond a reasonable doubt of the identity of the goods. The identity of a person or thing is an inference to be drawn from a series of facts. Wharton Crim. Ev., §§ 13, 27. To a certain extent it rests on the opinion or judgment of the witness. For instance, if prior to the trial in which he is summoned, he sees a person or thing and that person or thing bears a resemblance more or less striking to the person or thing with whom or with which he is familiar or acquainted, from that knowledge and that resemblance, he is enabled to say, with more or less positiveness, that the person or thing seen by him, is identical with the person or thing in question. "Ordinarily, mere belief or persuasion not resting on a sufficient or legal foundation, is inadmissible, but with respect to persuasion or belief based on facts within the witness' own knowledge, the case is otherwise. On questions of identity of persons and handwrit-

ing, it is every day's practice for witnesses to swear they believe the person to be the same, or the handwriting to be that of a particular individual, although they will not swear pointedly; and the degree of credit to be attached to the evidence is a question for the jury." *Greenwell v. Crow*, 73 Mo. 638; Stark. Ev., § 173; Greenleaf Ev., § 440.

In Massachusetts, it has been held that where the only question in the trial of a criminal case is the identity of the prisoner with the guilty party, the jury may be justified in returning a verdict of guilty although no witness will swear positively to the identity. *Commonwealth v. Cunningham*, 104 Mass. 545. In that case, the witnesses would not swear that the prisoner was the same man they saw on the wagon, but that " he resembled him." And the court say: " Upon this question of identity the evidence offered was all of it competent and proper for the consideration of the jury. It is impossible to say that it had no tendency to convict the defendant. Its sufficiency was to be estimated and weighed exclusively by them."

For these reasons it was competent for the prosecuting witness to swear that from his personal knowledge of the goods stolen, he believed those exhibited to him were his, notwithstanding they bore no private mark whereby they could be positively identified.

On the grounds heretofore pointed out, judgment reversed and cause remanded. All concur.