THE STATE v. J. K. S. CASE, and another.

*Evidence—Attempt to Bribe Juror.*

Upon the trial of a criminal action, it is competent to show that the defendant, with a view to prevent a verdict of guilty, had attempted to bribe one of the jurors.

(*State* v. *Swink*, 2 Dev. & Bat., 9, and *State* v. *Nat*, 6 Jones, 114, cited and approved).

This was an indictment for FORNICATION AND ADULTERY, tried at Fall Term, 1885, of the Superior Court of JACKSON county, before *Gudger, Judge.*

The facts are stated in the opinion.

The *Attorney General*, for the State.
No counsel for the defendants.

35

ASHE, J. The State offered evidence showing that the female was a married woman; that her maiden name was Huffman, and that at the time of the alleged adultery, she was the wife of one Golden. One Watkins was introduced as a witness for the State, and testified that at the Spring Term, 1885, of Jackson Superior Court, he was a juror, and the defendant Case came to him and said: " I have a case in Court, and I owe you ten dollars, if you will take care of me, you can get your money whenever you please." Witness said, I am sworn to go according to the law. Defendant then said: "You can at least hang the jury till hell freezes over, and if you will do so, I will pay; otherwise, I will not."

The defendant objected to this testimony, because: 1st. It was in nowise responsive to the charge contained in the bill of indictment. 2nd. That the evidence tended to put the defendant in disrepute and prejudice him before the jury. 3rd. That the evidence imputed a criminal charge, for which the defendant was not under indictment.

The State further proved, that at the Spring Term, 1885, of Jackson Superior Court, this indictment was the only case pending in the Court to which the defendant was a party.

The jury found the defendant guilty. There was judgment against the defendant, and he appealed.

There is no error in the judgment of the Superior Court. The evidence objected to by the defendant was properly admitted. In criminal cases, every circumstance that is calculated to throw light upon the supposed crime is admissible. *State* v. *Swink*, 2 Dev. & Bat., 9. The fact that immediately after the discovery of a crime, the person charged with its commission flies, is admitted as a circumstance to be considered by the jury. *State* v. *Nat*, 6 Jones, 114. So it is held, that if the prisoner, when arrested, attempts to make his escape, or attempts to bribe the officer to let him escape, the evidence is admissible. 11 Geo., 123; *Fanning* v. *State of Missouri*, 14 Mo., 386; *Dean* v. *Commonwealth*, 4 Grattan, 541; 26 Ia., 275.

But the defendant contends that the offer to bribe the juror is a distinct offence, and it is therefore inadmissible in evidence. There are some authorities sustaining that position. But Roscoe, in his work on Criminal Evidence, says : "The notion that it is in itself an objection to the admission of evidence that it discloses other offences, especially where they are the subject of indictment, is now exploded." If the evidence is admissible on general grounds, it cannot be resisted on this ground, and he cites numerous authorities to support the position.

There is no error, and the judgment of the Superior Court is affirmed.   Let this be certified.

No error.                                              Affirmed.