## THE STATE v. MAHER, *Appellant.*

### Division Two, February 4, 1896.

1. **Criminal Law:** PRACTICE: INSTRUCTIONS. Where the instructions given for the state on a criminal trial correctly and fully declare the law upon all questions arising in the case necessary for the information of the jury in giving their verdict, the refusal of the court to give additional instructions at the request of the defendant will not constitute error.

2. **Practice:** MOTION FOR NEW TRIAL: BILL OF EXCEPTIONS. Allegations of fact contained in a motion for new trial do not prove themselves, and when not supported by recitals in the bill of exceptions they will not be noticed on appeal.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*Martin, Bass & Carr* for appellant.

*R. F. Walker*, attorney general, *Morton Jourdan*, assistant attorney general, *Wm. Zachritz*, circuit attorney, and *C. O. Bishop*, assistant circuit attorney, for the state.

(1) The indictment is in the approved form, and a careful examination of the record fails to disclose any

error apparent upon the face thereof. (2) The fourth, fifth, and seventh grounds for new trial are not sustained by the record. *First.* It does not appear from the bill of exceptions that any testimony whatever was admitted over and against the objection of defendant. *Second.* . Nor that any material, competent, and relevant testimony, nor any testimony of any kind, offered by the defendant, was excluded by the court. *Third.* Nor that any instructions were asked by appellant, consequently none were refused. *State v. Foster*, 115 Mo. 448. (3) The instructions given by the court covered all the law of the case, correctly declared the law of the case, and were in the most approved form.

SHERWOOD, J.—Indicted for burglary in the second degree and for larceny, defendant was tried and convicted of both offenses; for the former he was given three years in the penitentiary, and for the latter two. This dual inculpatory result has induced this appeal.

The indictment is in usual and approved form, consequently there is nothing in it on which the motion in arrest could operate.

The testimony on behalf of the state (as taken from a short bill of exceptions, something seldom seen in this prolix and tautological age of stenography) is the following:

"The dwelling house of one Geo. F. Tower, Jr., on Grand avenue, in the city of St. Louis, state of Missouri, was on the night of the sixth of August, 1891, entered by means of a burglary, to wit: by breaking open a door of said house, and that there was stolen on said night from said house a clock of rare make and of value of $50; that the defendant the next day after said burglary called upon one Van Ralte, a pawnbroker in St. Louis, Missouri, with the clock and sold it to the pawnbroker for considerably less than its

value, to wit: for $3, and defendant when he sold it to
the pawnbroker, sold it under an assumed name.   At
the time of the sale to Van Ralte he was accompanied
by one Schwartz, but the defendant Maher acted as
spokesman, he selling the clock and receiving the
money for it.   The evidence also tended to show that
on or about the sixth day of May, 1892, at the May
term, 1892, of the St. Louis criminal court, the case
against Maher was set for trial and that the defendant
Maher, who was out on bond, failed to appear when
called and his bond was forfeited, *capias* issued for his
arrest and returned not found, and in consequence of
the continued absence of said defendant the case was
continued generally on the sixteenth day of September,
1893, and on the twelfth day of April, 1895, he was
rearrested and the general continuance set aside, and
the case redocketed for April 12, 1895."

All that the bill shows for the defense is this:
"The testimony on the part of the defendant was to
the effect that he had bought the clock from some
other person, and that on the night of the alleged bur-
glary he was with his family."

The instructions given at the instance of the state
embraced within their scope the usual presumption
arising from the recent possession of stolen property,
or property acquired as the result of both burglary and
larceny.   *State v. Babb*, 76 Mo. 501; *State v. Kelly*, 73
Mo. 608; *State v. Williams*, 54 Mo. 170.   Others given,
instructed the jury as to burglary in the second degree
and larceny, grand larceny unconnected with burglary;
as to *alibi*, presumption of guilt from flight, compe-
tency of defendant as a witness, credibility of witnesses,
and reasonable doubt.

These instructions addressed to the jury were full
on every topic "upon all questions of law arising in the
case, which were necessary for their information in

giving their verdict." Sec. 4208, R. S. 1889. This being the case, no error would have occurred had the court refused to instruct if asked by defendant; but no such request was made by defendant, and consequently no such refusal to instruct occurred.

Nor was any testimony admitted over the objection of defendant, nor any offered by defendant refused so far as shown by the bill of exceptions,—the motion for new trial is, therefore, unsupported in its assertions, which without support in the bill are worthless. *State v. Foster*, 115 Mo. 448, and cases cited. No error appearing in the record, judgment affirmed. All concur.