STATE v. WILSON, *Appellant.*

### Division Two, February 16, 1897.

Criminal Law: INSTRUCTIONS. The instructions in this case in relation to burglary and larceny are such as have often been approved by this court, and all of them, including those in reference to the presumption arising from the recent possession of the goods stolen, are free from fault.

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*Thos. F. Gatts* and *J. B. Kimbrell* for appellant.

*Edward C. Crow*, attorney general, for the state.

(1) Defendant, at no time during the progress of the trial, raised his voice against the evidence, or any part of it, introduced by the prosecution. It is an established rule that in order to warrant an appellate court in passing upon the relevancy and competency of testimony, the exception must be raised and saved during the trial of the case, and at the time such testimony is introduced. *State v. Eisenhour*, 132 Mo. 145; *State v. Harlan*, 130 Mo. 349. (2) For a second cause in his motion for a new trial defendant asserts that the court excluded competent and legal testimony on behalf of the defendant. No such allegation is warranted by the bill of exceptions. All the testimony offered by the defendant was permitted to go to the jury. (3) In support of instruction number 2 regarding the "presumption of innocence" we cite *State v. Thomas*, 78 Mo. 341. Instruction number 3 is given on

the question of "reasonable doubt," and meets the requirements as set out in the opinion of the supreme court in the case of *State v. Nueslein*, 25 Mo. 124. No error was committed by giving it. *State v. Bobbst*, 131 Mo. 328; *State v. Good*, 132 Mo. 126; *State v. Cook*, 84 Mo. 40. The court instructed the jury that "defendant was a competent witness and that his testimony *must* be considered in arriving at a verdict, but in determining the weight and credibility to be given his testimony you *may* take into consideration, as affecting his credibility, his interest in the result of the case." This instruction was properly given. *State v. Young*, 99 Mo. 676; *State v. Cook*, 84 Mo. 440; *State v. McGuire*, 69 Mo. 197; *State v. Zorn*, 117 Mo. 415. (4) Recent possession of stolen property creates a *prima facie* presumption of guilt, and it devolves upon the accused to prove the honesty or innocence of his possession. *State v. Kelley*, 73 Mo. 611.

SHERWOOD, J.—The jury found defendant guilty of both burglary and larceny with which he was charged in the indictment, and assessed his punishment at three years' imprisonment in the penitentiary for the burglary, and two years' for the larceny.

There was ample evidence to support the verdict, and the instructions in relation to the presumption arising from the recent possession of goods taken by means of burglary or larceny, or both, were such as have often been approved by this court. *State v. Babb*, 76 Mo. 501; *State v. Kelley*, 73 Mo. 611, and other cases.

The other instructions were likewise equally free from fault.

Finding no error in the record, we affirm the judgment. All concur.