The State v. North.

THE STATE v. NORTH, *Appellant.*

**Larceny** : POSSESSION OF STOLEN PROPERTY : INSTRUCTION. Where on a trial for larceny there is evidence to show an *alibi,* an instruction is erroneous which limits the rebuttal of the presumption of guilt arising from the recent possession of the stolen property, to accounting for such possession.

*Appeal from St. Louis Criminal Court.*—HON. JAMES C. NORMILE, Judge.

REVERSED AND REMANDED.

*Thomas B. Harvey* and *Thomas B. Estep* for appellant.

The presumption arising from possession of recently stolen property can be rebutted otherwise than by accounting for such possession. The defence made by appellant was *alibi*. Absence from the scene of the crime renders the commission of it impossible, but does not explain the possession of the fruits of the crime. The limitation placed upon the methods of rebutting the presumption annulled appellant's defence, and was clearly erroneous. *State v. Gray*, 37 Mo. 463 ; *State v. Robbins*, 65 Mo. 443; *State v. Williams*, 54 Mo. 170 ; *State v. Bruin*, 34 Mo. 540 ; *State v. Kelly*, 73 Mo. 608 ; *State v. Brown*, 75 Mo. 317 ; *State v. Kennedy*, 88 Mo. 341. The case of *State v. Sidney*, 74 Mo. 390, is directly in point.

*B. G. Boone*, Attorney General, for the state.

(1) *Alibi* is only ordinary evidence in rebuttal, and unless it is made an affirmative defence, a specific instruction therefor need not be given. *State v. Rockett*, 87 Mo. 666 ; *State v. Jennings*, 81 Mo. 185 ; 1 Bish. Crim. Proc., secs. 1062, 1066 ; *State v. Murray*, 92 Mo. 95. (2) The instruction as to the presumption arising from the possession of property recently stolen by means of a burglary has been approved by this court. *State v. Kennedy*, 88 Mo. 341.

NORTON, C. J.—Defendant was indicted in the criminal court of the city of St. Louis and charged with burglary and larceny, and on trial was convicted of both burglary and larceny and his punishment assessed at imprisonment in the penitentiary for five years.

The evidence on the part of the state tended to show that, on the same day the offence charged was committed,

and the day after it was committed, defendant was found in possession of goods stolen at the time the burglary was committed, and that he admitted he took them. The evidence of defendant himself and that of another witness tended to show an *alibi*, at the time the burglary and larceny were committed. On this state of the evidence the court gave the following instruction :

"And where property has been stolen by means of a burglary, proven beyond a reasonable doubt, and recently thereafter the same or any part thereof is found in possession of another, if *he fails to account for such possession in a manner consistent with his innocence, such person is presumed to be a thief,* and is also presumed to have used all means necessary to have secured access to such property, so that from such recent possession you are authorized to presume such person guilty of the burglary as well as the larceny."

It is contended that, inasmuch as there was evidence tending to show an *alibi*, the above instruction is erroneous in this, that the evidence to rebut the presumption of guilt, arising from the possession of stolen property soon after it was stolen, is limited to such evidence as tends to account for such possession in a manner consistent with innocence. This contention is fully supported by the case of *State v. Sidney*, 74 Mo. 390, where after reaffirming the rule laid down in the case of *State v. Kelley*, 73 Mo. 608, and approving an instruction like the one in this case, and after saying that if the element of recent possession were the only one in the case we would not hesitate to approve the action of the trial court, it is then said in effect that, where there is evidence either of good character, or evidence tending to establish an *alibi*, such an instruction as the one in question would not be comprehensive enough, for the reason that while good character or an *alibi* would tend to rebut the presumption of guilt arising from the possession of stolen property recently after the theft,

neither of these things would account for or explain such possession.

Upon the authority of the case above cited, the judgment in this case is hereby reversed and the cause remanded for error committed in giving said instruction in the form it was given. See *State v. Jennings,* 81 Mo. at p. 188. All concur, except Ray, J., absent.