THE STATE, *Appellant,* v. SIDNEY.

**Larceny;** RECENT POSSESSION OF STOLEN PROPERTY: EVIDENCE: ALIBI. A defendant charged with larceny is not to be limited, in rebutting evidence of recent possession of the goods stolen, to the production of such evidence as tends to account for or explain the possession. Proof of an *alibi* is competent, and should not be excluded from the consideration of the jury.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*D. H. McIntyre,* Attorney General, for the State.

*Robert W. Goode* for respondent.

SHERWOOD, C. J.—The defendant was indicted for burglary and larceny, and on trial had, was convicted of both offenses. Evidence on the part of the prosecution disclosed that on the night of February 2nd, 1880, the house of Louis Schlosstein, in the city of St. Louis, was burglariously entered and a considerable amount of jewelry, etc., taken therefrom. On February 4th, two days after the occurrence just mentioned, the defendant, in company with two others, called upon one Levi Bonné, in the city of Indianapolis, Indiana, and sold him the stolen goods, which at the time were in defendant's possession. There was testimony also of an *alibi,* the defendant claiming and testifying that he had not been in St. Louis for more than three years

prior to the property being taken—nor nearer to St. Louis during that time than Indianapolis.    There was testimony also of the contrary effect, consisting of statements alleged to have been made by defendant to certain officers, showing that he was in St. Louis but a short time before the time when the conversation took place, and apparently shows that defendant was in St. Louis on the day the crime charged was done.    This, in brief, was the evidence.

Among other merely formal instructions, the trial court gave the following :    " But, on the other hand, where property has been stolen, and recently thereafter the same property, or any part thereof, is found in the possession of another, such person is presumed to be the thief, and if he fails to account for his possession of such property, in a manner consistent with his innocence, this presumption becomes conclusive against him ; and in such cases the law further presumes that the thief resorted to and made use of all the means necessary to gain access to and possession of such stolen property."

In the recent case of *State v. Kelly*, 73 Mo. 608, we had occasion to examine the doctrine relative to the possession of goods recently stolen, and the presumption arising from such possession.    We still adhere to the doctrine announced in that case and hold it applicable here, so far as it goes, and were the element of the recent possession of stolen property the only element in this case, we should not hesitate to approve the action of the trial court.    In the case just cited, a similar instruction met with our approval, but there we distinctly said :    " If there really had been evidence of good character introduced, the instruction would not have been sufficiently comprehensive, because good character would neither account for nor explain the possession of the property recently stolen, though it would certainly have a very important bearing in rebutting the presumption of guilt consequent on such possession."
In this case, as in that, there was no testimony as to good character, but there was testimony of equivalent force and

potency; testimony of an *alibi;* testimony which tended to rebut the accusation; testimony, which, if believed by the jury, would well have warranted them in acquitting the prisoner. But such testimony was altogether ignored in the instruction. This was clearly erroneous; for the jury were in effect told: · "It is true there is evidence of an *alibi*, but you need pay no attention to that, and if you find that defendant had the stolen property in his possession recently after the theft, then return a verdict of guilty." It is obvious that testimony as to good character, and testimony as to the absence of the prisoner, must occupy the same footing and be held in the same estimation, so far as being the basis for an instruction. This view is abundantly supported by all the authorities in this State which touch upon the point in hand, and is denied by none, either in this State or elsewhere. .

Thus, in *State v. Gray*, 37 Mo. 463, Wagner, J., says: " The presumption," (arising from recent possession of stolen property,) " is raised, but is subject to be rebutted by character, habits and all the circumstances." In *State v. Robbins*, 65 Mo. 443, NORTON, J., refers to the case just cited, among others, with approval, and gives utterance to the same doctrine. In the *State v. Williams*, 54 Mo. 170, it was said: " There was no error in the instructions, which told that the recent possession of stolen property is presumptive evidence of the guilt of the possessor. Such possession, unless explained, either by direct evidence or attending circumstances, or the character and habits of the party with whom the property is found, or by some other mode equally satisfactory as to the innocence of the accused, will be taken as conclusive." In *State v. Bruin*, 34 Mo. 540, the trial court instructed as follows: " The jury are instructed that recent possession of stolen property is presumptive evidence of guilt, and if the jury believe from the evidence that the defendant had possession of the buggy recently after the taking, they are instructed that

The State v. Sidney.

unless such possession is satisfactorily accounted for, they will find the defendant guilty." In criticising that instruction, Judge Bay says: "The fact that a party may not be able to show how and when he acquired possession of the property, is by no means conclusive of his guilt, but merely raises a presumption of guilt, which he may rebut in various ways, such as proof of good character, which has been held sufficient of itself in the absence of any corroboratory circumstance of guilt; also that at the time of the commission of the offense, he was some distance from the place of the taking, or that his possession commenced subsequent to the taking, or by any other facts or circumstances tending to show that his possession is perfectly consistent with his innocence. The instruction given by the court was calculated to mislead the jury by creating the impression that nothing short of proving how the possession originated would suffice as a defense, thus taking from the consideration of the jury any other element of defense that might be introduced into the case. We do not suppose the court intended it should receive such an interpretation, but the phraseology is such that the jury may have so regarded it.    *    *    The instruction, as an abstract proposition of law, may not be particularly objectionable, but in its application to the case under consideration was certainly calculated to mislead the jury."

For these reasons we will affirm the judgment of the St. Louis court of appeals, reversing the judgment of the criminal court, though our reasons differ from those of the former court. HOUGH and HENRY, JJ., concur in the result; RAY, J., concurs, and NORTON, J., dissents.