THE STATE v. EDWARDS, *Appellant.*

DIVISION TWO.

1.   **Criminal Law:** BURGLARY: RAILROAD DEPOT. A railroad depot is a building within the meaning of Revised Statutes, 1889, section 3526, clause 2, defining burglary in the second degree.

2. ———: RECENT POSSESSION OF STOLEN PROPERTY: PRESUMPTION: ALIBI. The presumption of guilt arising from the recent possession of stolen property is rebutted by the proof of an *alibi*, and such fact should not be ignored in an instruction on that question.

3. ———: ALIBI: INSTRUCTION. Where the only defense is an *alibi* it is improper to refuse an instruction asked by defendant to the effect that, if the jury have a reasonable doubt as to defendant's absence at the time of the commission of the offense, they should acquit. (*State v. Lewis,* 69 Mo. 92.)

*Appeal from Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*J. W. Wattenbarger, B. F. Pierce* and *Harber & Knight* for appellant.

(1) The indictment is defective in not alleging that the depot was a building; it should have not only alleged it was a building, but one of a similar kind to those previously enumerated in Revised Statutes, 1889, section 3526, to-wit: "A shop, store, booth, tent or warehouse." *State v. Bryant,* 90 Mo. 334; *State v. Gilmore,* 98 Mo. 206; *State v. Arnold,* 55 Mo. 89; *St. Louis v. Laughlin,* 49 Mo. 559; *Knox City v. Thompson,* 19 Mo. App. 523; *St. Joseph v. Porter,* 29 Mo. App. 605; Bishop on Statutory Crimes [2 Ed.] sec. 245; *Commonwealth v. Wyatt,* 6 Rand. (Va.) 694; *Ritel v. Commonwealth,* 18 B. Mon. 35, 39, 40. (2) The sole defense of the defendant on the evidence being an *alibi,* instruction, numbered 15, asked by defendant, squarely put that question to the jury, and should have been given; for the same was a literal copy of the instruction on that subject, which this court said should have been given in *State v. Howell,* 100 Mo. 620; *State v. Kelly,* 16 Mo. App. 213. The courts reverse solely for failure to give such instruction. *Fletcher v. State,* 11 S. E. Rep. (Ga.) 872. (3) No instruction on

*alibi* was given in this case.   (4)   The fourth instruction given for the state on the presumption arising from the recent possession of stolen property was erroneous in that it ignored the defense of an *alibi*.   *State v. North*, 95 Mo. 615; *State v. Sidney*, 74 Mo. 390; *State v. Kelly*, 73 Mo. 608; *State v. Jennings*, 81 Mo. 188.

*John M. Wood*, Attorney General, and *D. M. Wilson* for the State.

(1)   The indictment is sufficient.   It is not, as stated by appellant, an indictment for burglary alone, but for burglary and larceny in the same count, expressly allowed by statute.   R. S. 1889, sec. 3529. There is no contention that the larceny charge is not good, and, hence, the court did not err in overruling the motion in arrest.   (2)   The burglary charge is also good.   A depot is a building within the meaning of section 3526, Revised Statutes, 1889.   The allegation is that defendant broke into and entered the depot of the Quincy, Omaha & Kansas City Railway Company.   (3) The second point made by appellant is also not well taken.   No matter what the rule may be in Georgia, this court recently laid down the rule that they will not reverse solely for failure to give an instruction on the effect of evidence tending to prove an *alibi*.   The jury were instructed (see defendant's instruction 2) that if they had a reasonable doubt of defendant's guilt, they should acquit him, and this sufficiently covered the law arising on the effect of the evidence tending to prove an *alibi*.   *State v. Shroyer*, 104 Mo. 441.   (4) No error was committed in overruling the fourteenth instruction asked by the defendant.   The state did not seek to convict on circumstantial evidence alone—far from it.   An inspection of the evidence will show that

the admissions and confessions of the defendant, the *corpus delicti* having been fully proven, were in and of themselves sufficient to convict defendant of both the burglary and the larceny. (5) The appellant's contention as to the state's fourth instruction, in reference to the presumption arising from recent possession of stolen property, would seem on a cursory examination of the question to be well taken. There seems to be no question but that this court has taken the position that, where the question of *alibi* or good character of the defendant enters into the defense, the customary instruction approved in the *Kelly case*, 73 Mo. 608, is sufficiently comprehensive. *North case*, 95 Mo. 615. But should the court be of the opinion that the giving of this instruction was reversible error, then the court's attention is called to the fact that the instruction only goes to the larceny branch of the case. A reading of the instruction will show that the presumption of guilt was limited solely to the larceny of the goods, and, hence, this error, if reversible error it be, did not and should not affect the judgment as to the burglary.

MACFARLANE, J.—Defendant was convicted and sentenced by the circuit court of Sullivan county to five years' imprisonment under an indictment for burglary and larceny. The indictment charged that defendant did "break into and enter the depot of the Quincy, Omaha & Kansas City Railway Company in the village of Greencastle in said county, in which said depot, certain goods, wares and merchandise were then and there kept and deposited, with the intent, certain of the said goods, wares and merchandise, then and there so kept and deposited, feloniously and burglariously to take, steal and carry away; and certain of the said goods, wares and merchandise in said depot, then and there so kept and deposited being found, to-wit, two

boxes containing a large quantity of goods and merchandise, a particular description of which said goods and merchandise in the two boxes so contained is to these grand jurors unknown, belonging to the firm of Montgomery, Ward & Co., and of the aggregate value of $441.36, feloniously and burglariously did then and there take, steal and carry away, against the peace and dignity of the state."

Defendant resided at Moulton, a small town on the Wabash railroad, fifty miles north of Kirksville, in the state of Iowa. Greencastle is a station on the Quincy, Omaha & Kansas City railway, about thirty miles west of Kirksville, in Sullivan county.

The evidence tended to prove that defendant and an accomplice named Record sent an order to Montgomery, Ward & Co., Chicago, for a lot of goods to be shipped to E. B. Forrest, at Greencastle. They made a small cash payment, and requested the goods sent to be paid for on delivery. The scheme concocted was to break into the wareroom of the railway company, and steal these goods when they arrived there. These parties remained in the neighborhood of Greencastle a few days and returned to Moulton. This was the latter part of May, 1890. Soon after two boxes of goods arrived at Greencastle station consigned to E. B. Forrest, from Montgomery, Ward & Co., Chicago, and were stored in the warehouse of the railroad company. On the night of June 24, 1890, the said wareroom was broken into and these two boxes of goods, valued at $240, taken therefrom. Next morning the empty boxes were found near by.

The evidence further tended to prove that, on the twenty-sixth of June, defendant was seen within two or three miles of Greencastle, having in his possession some of the goods taken from the boxes, and that he returned to his home at Moulton on the morning of the

twenty-seventh of June. After that he gave his accomplice a portion of the goods, and a portion was found concealed about the premises when the defendant was arrested. Witnesses also testified to confessions of the crime in its details made by defendant. Also declarations of defendant that he did commit the burglary, but was not a success as a "hider." In defense, the father, mother, sister and cousin of defendant testified that he was at home, in Moulton, on the twenty-fourth, twenty-fifth and twenty-sixth of June, and was not absent during that time.

I. The first objection urged is to the sufficiency of the indictment. The contention is that it does not charge that defendant broke into and entered any of the buildings named in section 3526, Revised Statutes, 1889, under which the indictment was framed. The section defines burglary in the second degree to be "breaking and entering: * * * *Second*, any shop, store, booth, tent, warehouse or other building * * * in which there shall be at the time * * * any goods, wares, merchandise, * * * kept or deposited, with intent to steal * * * therein."

It will be seen that the indictment charges defendant with breaking and entering the "depot of the Quincy, Omaha & Kansas City railway, * * * in which said depot certain goods, wares and merchandise were then and there kept and deposited, with intent" to steal them. Is a depot of a railroad company a warehouse, within the meaning of the law? Defendant contends that it is not, and insists that, to make the indictment good, the exact language of the statute should have been employed.

A familiar rule of construction requires, "where general words follow particular ones, they must be construed as applicable to things of the same general class." *State v. Gilmore*, 98 Mo. 213. This rule is

invoked by defendant, who contends that a depot of a railroad company is not included in the general designation "other building," because it is not of the same kind as those specifically named.

A depot of a railroad company is as well known by that designation to be a building as any other of the buildings mentioned in the section. Webster defines depot to be "a place of deposit for storing goods; a warehouse; a storehouse." Worcester defines it as "a place where any kind of goods is deposited; a storehouse; a warehouse." Now a "warehouse" is one of the buildings specially named in the section, and a "depot" is a building of a like kind, included under the general words "other building." We think the indictment sufficient.

II.   The court gave the jury the following instruction in behalf of the state:   "If the jury believe from the evidence beyond a reasonable doubt, that any of the property mentioned in the indictment was stolen from the depot at Greencastle at the time alleged in the indictment, and soon thereafter any of such property was found in the possession of the defendant Edwards, then and in that event the defendant Edwards is presumed to be the thief, and the burden is on him to show that such property came into his possession in a manner consistent with his innocence, and unless he so accounts for the possession the jury should find him guilty of larceny."

"It has become a rule of evidence that the possession of property which has been recently stolen raises such a presumption of guilt against the possessor, as to throw on him the burden of showing how he came by it, or that he came honestly by it; and, in the event of his failing to do so, to warrant the final inference or conclusive presumption of his being the real

offender." Burrell on Circumstantial Evidence, 446; *State v. Kelly*, 73 Mo. 615.

This presumption of guilt may be rebutted, or such possession explained, "either by direct evidence or attending circumstances, or the character or habits of the party with whom the property is found." *State v. Williams*, 54 Mo. 170; *State v. Kelly, supra.*

The defense was an *alibi*. Four witnesses testified that defendant was seventy-five miles from the place of the burglary at the time of its commission. This defense the instruction wholly ignores. If defendant was in fact absent, when the crime was committed, then the presumption of guilt arising from the possession of the fruits of the crime would have been fully rebutted, but would not have been explained. The jury were told that, unless such possession was explained in a manner consistent with the innocence of defendant, they would find him guilty. The instruction was not sufficiently comprehensive to include a rebuttal of the presumption of guilt by proof of an *alibi*. The exact point has been so ruled in *State v. Sidney*, 74 Mo. 390, and *State v. North*, 95 Mo. 616.

III. Under the defense, and the evidence in support of it, we think the court should have given the following instruction asked by defendant: "The jury are instructed, if they have a reasonable doubt that defendant committed the burglary and larceny alleged in the indictment, or was absent at the time said burglary and larceny is alleged to have been committed, they will find a verdict acquitting him."

When the only defense is an *alibi* it has been held that such an instruction, if asked, should be given, as otherwise the jury might be misled into the belief that the court regarded the defense frivolous, and unfounded. *State v. Lewis*, 69 Mo. 92; *State v. Kelly*, 16 Mo. App. 213.

We would hesitate to reverse the case for this error alone in view of the full, and liberal instructions given in respect to the presumption of innocence, which the court told the jury continued with the defendant until his guilt was established by the evidence in the case beyond a reasonable doubt.

For the errors noted the judgment is reversed and cause remanded for new trial.    All concur.