The State v. Taylor.

---

THE STATE v. TAYLOR, *Appellant*.

Division Two, November 21, 1893.

1. **Criminal Practice**: WITNESS: DISCREDITING EVIDENCE. A witness, to discredit him, may be asked whether he was arrested for another offense and sent to jail. *State v. Miller, 100 Mo. 606 followed.*

2. ———: EVIDENCE: RES GESTÆ: SEPARATE OFFENSE. Evidence against a defendant, competent as part of the *res gestæ*, is not inadmissible because it may show him to be guilty of another crime.

3. ———: ———: ESCAPE. Testimony of a police officer that he met defendant, who was on trial for rape, on the night of the crime near where it was committed, just as defendant was approaching a bridge near the line of another state and that on his attempt to stop him defendant fired a revolver at the officer, is competent as showing defendant's presence in the vicinity of the crime and also as showing an attempt to escape; and this is true, although the officer had not been informed of the crime.

| | |
|---|---|
| 118 | 153 |
| 118 | 23 |
| 118 | 153 |
| 121 | 574 |
| 124 | 523 |
| 59a | 502 |
| 118 | 153 |
| 61a | 380 |
| 118 | 153 |
| 131 | 347 |
| 63a | 392 |
| 6'' | 533 |
| 118 | 153 |
| 132 | 359 |
| 134 | 249 |
| 118 | 153 |
| 135 | 618 |
| 136 | 684 |
| 118 | 153 |
| 78a | 609 |
| 118 | 153 |
| 153 | 317 |
| 118 | 153 |
| 158 | 123 |
| 118 | 158 |
| 87a | 82 |
| 118 | 153 |
| 90a | 649 |

## 154    SUPREME COURT OF MISSOURI,

The State v. Taylor.

4. ———: IMPROPER REMARKS OF COUNSEL: EXCEPTIONS. Improper remarks of counsel not made the subject of an exception will not be considered on appeal.

5. ———: ALIBI: INSTRUCTION. An instruction to find the defendant not guilty, if at the time the offense was committed he was at a place other than that of its commission is erroneous, because it is not required that the jury should find as a fact that defendant was at such other place, whereas he is entitled to an acquittal if there is a reasonable doubt that he was present.

6. ———: ———: ———. Nor is such erroneous instruction cured by a general one given on the subject of reasonable doubt, for the two instructions are necessarily conflicting.

7. ———: ALIBI, DUTY OF THE COURT TO INSTRUCT ON. Under Revised Statutes, 1889, section 4206, the trial court should in a criminal case specially instruct the jury on the law in reference to an *alibi* where that defense is raised by the evidence and where an erroneous instruction is in such case asked by the defendant it is the duty of the court to give a correct one in place of it.

8. ———: INSTRUCTIONS: DUTY OF COURT. Wherever it is the duty of the trial court upon a proper request in a criminal case to instruct the jury upon any material question of law arising on the evidence it is equally obligatory upon it of its own motion to instruct the jury upon such matter, whether requested to do so or not.

*Appeal from Jackson Criminal Court.*—Hon. Jno. W. Wofford, Judge.

Reversed and remanded.

*Scott Ashton* and *J. S. Brooks* for appellant.

(1) The court erred in refusing to give instructions numbered 9 and 9a of the instructions asked by defendant. They properly stated the law as to the defense of an *alibi*. 2 Thompson on Trials, sec. 2440; *McLain v. State*, 18 Neb. 160; *Campbell v. People*, 109 Ill. 565; *State v. Edwards*, 109 Mo. 315. (2) The court erred in not granting a new trial because of the inflammatory language of the prosecuting attorney, who stated in his closing argument to the jury, "All the sixteen year old girls and the fathers of all girls in

Jackson county whisper to you to-day to convict this man." *Haynes v. Trenton*, 108 Mo. 133; *State v. Jackson*, 95 Mo. 653; *Conn v. State*, 11 Tex. App. 400. (3) The court erred in permitting officer Thomas to state to the jury the ground of his feeling against the defendant. *Butler v. State*, 34 Ark. 480; *People v. State*, 62 Ala. 237; *Chelton v. State*, 45 Md. 570. (4) The court further erred in permitting the witness Copeland to tell that defendant got ten cents from him thereby permitting the state to prove an additional and different crime. (5) The verdict is contrary to the evidence.

*R. F. Walker*, Attorney General, *Morton Jourdan*, Assistant, and *Marcy K. Brown*, Prosecuting Attorney, for the state.

(1) The testimony of officer Thomas was competent. 1 Bishop on Criminal Procedure [3 Ed.], secs. 118–126; *State v. Leabo*, 89 Mo. *loc. cit.* 258; Revised Statutes, 1889, sec. 4115; *State v. Keele*, 105 Mo. *loc. cit.* 42; *State v. DeMosse*, 98 Mo. 342; *State v. Jackson*, 99 Mo. *loc. cit.* 63; 1 Bishop Cr. Law, secs. 995, 996. (2) The extent to which parties may pursue even collateral matters, in the examination of witnesses, for the purpose of establishing the prejudice or feelings of a witness toward the parties, rests largely in the discretion of the trial court, which will not be too severely reviewed by the higher tribunal. *Ellsworth v. Potter*, 41 Vt. 685; *Powers v. Leach*, 26 Vt. 270. (3) Any efforts of a defendant shortly after the commission of a crime to escape, or to evade or avoid arrest, or to elude justice, and all acts done toward consummating such escape, or evading such arrest, have always been held admissible as creating a strong presumption of guilt. 1 Bishop on Criminal Procedure [3 Ed.], sec. 1250;

*State v. Moore*, 101 Mo. *loc. cit.* 339; *State v. King*, 78 Mo. *loc. cit.* 551; *State v. Williams*, 54 Mo. 171. (4) It is always competent for the state to show all the acts of a defendant having any tendency to prove or bearing upon his guilt, even though such acts involve the commission of another and totally different crime. *State v. Rider*, 95 Mo. *loc. cit.* 485; *State v. Williamson*, 106 Mo. 163; *State v. Greenwade*, 72 Mo. 298; 1 Bishop on Criminal Procedure [3 Ed.], secs. 1126–1128, 1129. 2 Bishop on Criminal Procedure [3 Ed.], secs. 261, 428. (5) The court did not err in its ruling on the instructions, and the evidence is amply sufficient to support the verdict. (6) It was improper to ask witness if he had been arrested and put in jail for stealing; though to show his conviction of that offense would have been proper. *State v. Douglass*, 81 Mo. 234; *State v. Rugan*, 68 Mo. 214; *State v. McGraw*, 74 Mo. 573; *State v. Lewis*, 8 Mo. 110; *State v. Jennings*, 81 Mo. 185; *State v. Howard*, 102 Mo. 142; *State v. Taylor*, 98 Mo. 240. (7) The instructions on the question of *alibi* were complete, correct and in the forms approved by this court. *State v. Rockett*, 87 Mo. 668; *State v. Johnson*, 91 Mo. 442; *State v. Sanders*, 106 Mo. 195; *State v. Shroyer*, 104 Mo. 448; *State v. McCoy*, 111 Mo. 517. (8) The same doctrine has been approved in *State v. Sutton*, 70 Iowa, 268; *State v. Reed*, 62 Iowa, 40. (9) A general instruction to acquit if a reasonable doubt exists is sufficient. *State v. Wheeler*, 108 Mo. 658; *State v. Dunn*, 18 Mo. 419; *State v. Crawford*, 34 Mo. 200; *State v. Rockett, supra; State v. Elliot*, 98 Mo. 151; *State v. Whalen*, 98 Mo. 222; *State v. McKinsey*, 102 Mo. 630. (10) *Alibi* is as any other defense and governed by same rules. *State v. Sanders, supra; State v. Johnson, supra; State v. Jennings, supra; State v. Rockett, supra; People v. Levine*, 85 Cal. 41; *People v. Wong Ah Foo*, 69 Cal. 182; *People v. Lattimore*, 86 Cal. 403; *State v.*

*Reed*, 62 Iowa, 40; *State v. Kline*, 54 Iowa, 185; *State v. Red*, 53 Iowa, 70; *State v. Blunt*, 59 Iowa, 469. (11) The rule is that no instruction need be given as to *alibi*, for the reason that the same is fully covered by the reasonable doubt instruction as usually given. *State v. Shroyer*, 104 Mo. 448; *State v. McCoy*, 111 Mo. 517; *Ayres v. State*, 21 Texas App. 399; *McAfee v. State*, 17 Texas App. 131; *State v. Sutton*, 70 Iowa, 268; *State v. Cross*, 68 Iowa, 180; *State v. Stewart*, 52 Iowa, 284.

GANTT, P. J.—The defendant, a negro man, was indicted in the criminal court of Jackson county, for rape upon Lulu Butcher, a white girl about sixteen years old. He was convicted and sentenced to the penitentiary for fifteen years.

The testimony tends to show that on the night of September 25, 1891, at Kansas City, Missouri, Lulu Butcher, a young white girl of sixteen years was returning to her home, in the southern part of that city, from a dance. With her was a young man or boy, Ed. Copeland, of about the same age, who was acting as her escort. They were walking, the street cars having ceased to run for the night. When they reached a point on Grand avenue, between Twenty-sixth and Twenty-seventh streets and near the Union cemetery, a man, whom they afterwards identified as defendant, stepped out from the shadow on the roadside and placed a pistol at the head of young Copeland, who was entirely unarmed, and compelled him to throw up his hands. He then proceeded to search his pockets. The robber then tied Copeland's hands behind his back and forced him and Miss Butcher, under threats, to leave the road or street and go down into a depression, on the side of, but near to, the road. Then he either threw Copeland down or compelled him

to lie down.    He ordered the girl to lie down, and then and there committed the rape.    In her testimony she admits she made no outcry, or resistance because she was afraid he would kill her if she did.

On the part of defendant it was shown that a Mrs. Holmes resided on the lot adjoining the cemetery, and that there was gaslight in the vicinity.    The dimensions of the cemetery are not given.    The defendant was shown to be a man six feet in stature.    After the crime was perpetrated her assailant permitted Miss Butcher and young Copeland to return to her home, which she reached about one o'clock the next morning. She at once told her mother, and on this complaint, the defendant was arrested the next day and was identified by both Miss Butcher and Copeland.

Two other witnesses, Doc. Miller and Police Officer Thomas, testified to seeing defendant in that part of the city later in the night, or early morning of Friday. The officer hailed him on the approach of the bridge on the Belt Line railroad, near the Kansas state line, inquiring what he was doing out so late that night. After a moment's conversation, and without warning, the defendant fired his revolver at the officer; the ball passing through a portion of his clothing and grazing his club and scabbard.

The defendant relied upon an *alibi*.    He testified that he spent all that night at the pool room of John Talbott; that DeWolf, a mechanic, was there repairing the tables, and that Talbott had employed him to assist about the place, and to remain there all night, because there were no locks upon the door; that Talbott left the money with him to pay DeWolf when he finished the job; that he remained and did pay DeWolf. Talbott testified that when he left the room that night, he left Taylor, the defendant, in charge, with money

to pay DeWolf; that it was then between twelve and one o'clock.   DeWolf fully corroborates Talbott as to the fact of defendant's presence at the pool room that night and says he left defendant there when he finished the tables; that he thinks it must have been two o'clock from the fact that the street cars stopped running at twelve o'clock, and he thinks they had been stopped, at least two hours.   This pool room was at the corner of Nineteenth and Walnut streets.   If this evidence is to be credited, it shows a complete *alibi*, as it covers the time of the rape, fully, and places defendant at a considerable distance from the place of its perpetration.

The other facts and the instructions complained of will appear in the further discussion of the case.

I. There was sufficient evidence to justify the verdict of the jury, if credited by them.

II. Counsel for defendant in the cross-examination of the state's witness, Miller, asked this question: "After this thing occurred were you not arrested for stealing billiard balls from Boulander's saloon, and sent to jail?"   On the objection of the prosecuting attorney, the court ruled the witness need not answer. The defendant was entitled to have the question answered.   The evident purpose of the interrogatory was to discredit the witness.   In such a case the mere fact that it touched upon a conviction which must have been of record, is not sufficient to exclude it.   Wharton on Criminal Evidence, in section 474, states the rule as follows: "In a leading case, Lord ELLENBOROUGH, C. J., compelled a witness to answer whether he had not been confined, for theft, in jail; and, on the witness's appealing to the court, said 'If you do not answer I will send you there.'   In this country there has been some hesitation in permitting a question the

answer to which not merely imputes disgrace, but touches on matters of record; but the tendency now is, if the question be given for the purpose of honestly discrediting a witness, to require an answer." Citing *Real v. People*, 42 N. Y. 270; *Com. v. Bonner*, 97 Mass. 587, and many other cases.

This court in *State v. Miller*, 100 Mo. 606, in an opinion by Sherwood, Judge, adopted the rule as stated by Wharton as follows: "Was error committed in refusing permission to the defendant to interrogate Mortimer as to whether he had not been in the penitentiary two or three times? In order successfully to ask and have answered such a question, it seems to be unnecessary to produce a record of conviction. Such record only has to be produced where it is proposed to show that the witness has been convicted of some crime, in which case the judgment of conviction is the only competent evidence. It is otherwise, however, where the question is asked the witness for the purpose of honestly discrediting him; then the question is competent. This is the tendency of adjudication in this country." Wharton's Criminal Evidence [9 Ed.], sec. 474, and cases cited; Chamberlain's Best on Evidence [Ed. 1893–4], p. 602, American Notes, 2; 1 Bishop's Criminal Procedure, section 1185.

But it is insisted that, notwithstanding error was committed by the trial court in not permitting the witness to answer this question, still, inasmuch as the court permitted defendant to show in the subsequent examination of this witness *that he was in the county jail,* and had conversation with one Clark, a prisoner therein, that the error is cured, on the ground that, "although a competent question is at first excluded, still, if upon further examination the party receives the *full benefit of the excluded question, he has no cause*

*of complaint.*"   An examination of the record, how-
ever, will disclose that the court only permitted him to
be asked that, "while in the jail, if he met a man by
the name of Clark, a prisoner in the jail."  To this he
answered, "there was a man in jail by the name of
Clark, but I don't remember his first name."   He was
also asked as to his conversations with Clark about
defendant, but nowhere in his examination or elsewhere
in the record is the query whether he was arrested "for
*stealing* Boulander's billiard balls, and sent to jail" for
that cause.   For aught that appears to the contrary in
his evidence, it might have been well argued that he
was merely a visitor to the jail to see Clark.   Merely
being in a jail is quite a different thing from being sent
to jail for theft.   The rulings positively excluded the
evidence which tended to discredit the witness, and the
subsequent examination did not supply it and did not
cure it.

When it is considered that this witness is the prin-
cipal one by whom the state identified the defendant,
in the immediate vicinity of the crime at two o'clock
that night, it can readily be seen how important to
defendant was the right of a searching cross-examina-
tion and any evidence that might discredit him.   The
crucial test of any witness is his cross-examination.   It
will not do to deprive one on trial for his liberty of this
privilege, and then denominate it in this court as
"*harmless error.*"   Greenleaf on Evidence [15 Ed.],
sec. 446.   Error is "presumptively prejudicial," and it
devolves upon the party asserting its harmlessness to
show it affirmatively.   This is the rule in this court.
*Hawes v. Stock Yards Co.*, 103 Mo. 60; *Dayharsh v.
Railroad*, 103 Mo. 570; *McGowan v. St. Louis Ore and
Steel Co.*, 109 Mo. 518.   The supreme court of the
United States has gone further still and asserted that
"it must appear *so clear as to be beyond doubt* that the

error *did not* and *could not* have prejudiced the party's rights." *Deery v. Cray*, 5 Wall. 807; *Smiths v. Shoemaker*, 17 Wall. 630; *Gilmer v. Higley*, 110 U. S. 47; *Railroad v. O'Brien*, 119 U. S. 99.

In view of the fact that this is a criminal charge of the most heinous character; one for which the penalty may be death under our statute, and in view of the principle involved, we are constrained to hold the refusal to permit the question to be answered, was reversible error. *Muller v. Hospital Ass'n*, 73 Mo. 242; *State v. Leabo*, 84 Mo. 168; *State v. Cox*, 67 Mo. 392.

III. When the witness Copeland was on the stand, the prosecuting attorney asked him if the defendant got anything from him, and he answered "he got ten cents." This is assigned as error, because tending to prove a distinct offense from that charged in the indictment. The answer was clearly admissible, as part of the *res gestæ*, and in such a case it is not incompetent because it tended to show defendant guilty of robbery as well as rape. *State v. Greenwade*, 72 Mo. 298; *State v. Underwood*, 75 Mo. 230.

IV. There is no merit in the eighth assignment. The witness answered the question without hesitation, and the trial court very properly refused, under these circumstances, to permit counsel to badger her and require her to answer whether she had told the truth on a former trial. Such a mode of cross-examination is only tolerable when a witness is contumacious. The facts in this case did not warrant such a course.

V. The court did not err in refusing to instruct the jury that, in arriving at their verdict, they should not consider the testimony of Officer Thomas as tending to prove the offense charged in the indictment, nor was there error in receiving his evidence, to the effect that he met defendant on the night of the com-

mission of the rape, in the southern portion of the city, and that defendant, without provocation, shot at him. It was proper for the state to show any and all acts of the defendant that had a tendency to prove his guilt. It is not a question of the weight, but of the competency, of the evidence. It was competent as tending to rebut the *alibi*. The mere fact that the officer did not know that defendant was suspected or charged with the offense did not render the acts and conduct of the defendant incompetent. *State v. Grant,* 79 Mo. *loc. cit.* 136. When the defendant encountered the officer in his uniform and armed and was halted, if guilty, he was conscious of the danger that might ensue from arrest, and he evidently determined, if necessary, to kill the officer to prevent arrest. If innocent, he had nothing to fear from any officer. His conduct in thus eluding the officer is strong evidence of his guilt. *State v. Moore,* 101 Mo. 319; 14 S. W. Rep. 182; 1 Bishop on Criminal Procedure [3 Ed.], sec. 1249, and cases cited.

Defendant is certainly in no position to complain that the court did not instruct the jury that his flight was evidence of his guilt.

VI. We are forbidden to notice the alleged improper remarks of the prosecuting attorney, because they were not made the ground of an exception at the time to the court. The mere incorporation of these remarks and objections thereto in *ex parte* affidavits subsequently filed with the motion for a new trial does not make them proper matter for exception. We have often so ruled this point. *State v. Howard, ante,* p. 127; *Campbell v. People,* 109 Ill. 577. The remark, if made, was not proper, and cannot receive the sanction of the courts.

VII. A rehearing was granted in this cause, in order that a full discussion of the prior decisions of

this court in regard to instructions on the subject of alibi, might be had.

In this case the court gave on behalf of the state, the following instruction:

"4. If the jury shall find and believe from the evidence that, at the time the offense charged in the indictment was committed, if you find that such offense was committed, the defendant was at a place other than the place where such offense or crime was committed, the jury will find defendant not guilty."

To the giving of this instruction, the defendant, then and there objected and duly excepted.

The court refused to instruct the jury as asked by the defendant in the following instructions, and defendant duly excepted:

"9. When a person on trial for a crime shows that, he was in another place at the time when the act was committed, he is said to prove an alibi. One of the defenses interposed by the defendant in this case is, what is known as an 'alibi;' that is, that the defendant was in another place at the time of the commission of the crime. The court instructs the jury that such defense is as proper and legitimate, if proved, as any other and all evidence bearing on that point should be carefully considered by the jury. If, in view of all the evidence, the jury have a reasonable doubt as to whether defendant was in some other place when the crime was committed, they should give him the benefit, of the doubt, and acquit him. As regards the defense of an alibi, the jury are instructed that the defendant is not required to prove that defense beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if the defense upon the point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged.

"The court further instructs the jury that, if they

believe from the evidence that at the time of the alleged rape and at the hour the crime was committed, the defendant, Taylor, was at the billiard room of John Talbott, as testified to by some of defendant's witnesses, and was not present at the scene of the rape at the time of the commission, then you must acquit the defendant.

"The jury are instructed that, if you entertain a reasonable doubt as to whether or not the defendant, Taylor, was at Talbott's billiard room or at the scene of the rape at the time the rape was committed, then it was your sworn duty, under the law, to give the benefit of the doubt to the defendant."

"9*a*. The jury are instructed that, if you entertain a reasonable doubt as to defendant's guilt, he should be acquitted, although the jury might not be able to find that the *alibi* was fully proved."

The court had previously given for the state this instruction:

"9. The court instructs the jury that before they can convict the defendant they must be satisfied of his guilt beyond a reasonable doubt. Such doubt, to authorize an acquittal upon the reasonable doubt alone, must be a substantial doubt of the defendant's guilt, with a view to all the evidence in the case and not a mere possibility of the defendant's innocence."

A proper understanding at the outset, of the nature of the defense of *alibi*, will enable us to reach a more satisfactory conclusion.

However much this plea has been abused; however great the incentive to perjury this defense has proven, in its practical application, it is founded upon the universal law of nature that the same body or person cannot occupy two inconsistent positions at one and the same time. Thus, a defendant cannot at the time alleged have been committing a crime in St.

Louis if at that time he were in Kansas city. His innocence is demonstrated by proving a fact which renders it impossible for him to have been guilty. The plea itself stands upon sure foundation, but its abuse has led some judges to denounce it as a defense "often attempted by contrivance, subornation and perjury," and to require that the evidence to sustain it should be subjected to the most right scrutiny. It long ago fell into disfavor with the people, and gave Charles Dickens the material out of which he constructed in part his famous case of Bardell *v.* Pickwick. It will be remembered that the author causes old Weller to lament that Mr. Pickwick had not relied on an *alibi,* and makes him say he had three or four coachmen ready to swear to it.

But, notwithstanding the popular prejudice against the plea and notwithstanding the satire of novelists and essayists, as already said, in the very nature of the criminal prosecution, it is a legitimate defense and it flows naturally from the rule that requires the state to establish the guilt of the accused beyond a reasonable doubt. In every criminal prosecution the state assumes to show as an essential element in his guilt, the presence of the defendant at the commission of the crime. This being true, a simple plea of not guilty, without other further plea, puts the state to the proof of his presence. If the state fails to show that the defendant was present when the crime was committed, *when, without his presence,* it is impossible for him to be guilty, the prosecution must fail.

Law writers in discussing the evidence to sustain this defense have often inaccurately stated that the evidence of the *alibi* must cover the entire time within which the crime could have been committed. *Miller v. People,* 39 Ill. 457–464. If by this is meant that such evidence if true would be absolutely conclusive of

innocence, it might be true; but to make the evidence competent no such perfect proof is required, nor is such an absolute demonstration necessary to entitle a defendant to his acquittal, as we shall abundantly show from the authorities. The weight of the evidence tending to prove an *alibi* is to be determined by the jury and although it falls short of absolute conviction of its truth, still, if it raises in their minds a reasonable doubt of the presence of the defendant at the commission of the crime, he is entitled to an acquittal, and it is not material whether this doubt arises from the defect in the evidence of the state, or the evidence of the defendant in rebuttal.

In *People v. Fong Ah Sing*, 64 Cal. 253, it was said: "The commission of a criminal offense implies, of course, the presence of the defendant at the necessary time and place. Proof of an *alibi* is, therefore, as much of a traverse of the crime charged as any other defense, and proof tending to establish it, *though not clear*, may, nevertheless, with the other facts of the case raise doubt enough to produce an acquittal." This statement of the law by the supreme court of California, received the unqualified and unanimous sanction of all the judges of this court in *State v. Howell*, 100 Mo. 628.

In *State v. Lewis* (1878), 69 Mo. 92, the defendant asked the trial court to instruct the jury, that if they had a reasonable doubt that the defendant was absent at the time the homicide was committed, they should acquit him, but it was refused and this court all concurred in reversing the case for this reason alone.

In *State v. Woolard*, 111 Mo. 248, this division all concurred in holding, that "if the defendant's evidence is sufficient to raise a reasonable doubt of his presence at the commission of the crime, or if the state's evidence is so defective as to raise a reasonable doubt, or

if taking all the evidence on both sides, there is a reasonable doubt, of the defendant's guilt, he is entitled to an acquittal."

In *State v. Jennings*, 81 Mo. 185, this court held that the burden of establishing an *alibi* rested upon the defendant and he must sustain it by a preponderance of the evidence. In the *Howell case*, 100 Mo. 628, the *Jennings case* was overruled in terms, and, we think, correctly. The rule in the *Jennings case* requires a defendant to prove his innocence and cannot be sustained on principle. *Alibi* is not an extrinsic defense. It is a traverse of the material averments of the indictment "that the defendant did then and *there* the particular act charged." 1 Bishop's Criminal Procedure [3 Ed.], sec. 1062; Wharton's Criminal Evidence, sec. 333.

We are aware that some courts have required the defendant to establish his *alibi* by a preponderance of the evidence; but in our opinion such a rule is contrary to the presumption of innocence, to which every defendant is entitled in a criminal prosecution, and to the rule that requires the state to establish his guilt beyond a reasonable doubt. The burden is on the state and must remain on it throughout the trial. The decisions in the *Lewis, Howell* and *Woolard cases* are in harmony with the rule laid down in many other courts, and by approved text writers.

In *State v. Waterman*, 1 Nev. 543, it is said: "The rule of law and of common sense is, that where there is a reasonable doubt as to whether a prisoner has committed the act or offense with which he stands charged, he must be acquitted, whether that doubt arises from a defect in the evidence introduced by the state or from the evidence introduced in rebuttal by the defendant." *French v. State*, 12 Ind. 670; *Adams*

*v. State*, 42 Ind. 373; *Binns v. State*, 46 Ind. 311; *Howard v. State*, 50 Ind. 190.

In *Walker v. State*, 42 Texas, 360, Chief Justice ROBERTS in his usual clear style, states the law on the subject as follows: "The trial court instructed the jury as follows: 'The burden of proving that he was elsewhere is cast upon him. If the defendant has adduced evidence to the entire satisfaction of the jury, that on the night the murder is charged to have been committed, that he was at so great a distance therefrom, or the time was such as to make it impossible for him to have committed the offense, then the defendant must be acquitted.'" The learned chief justice said as to this instruction: "This charge was well calculated to convey the idea to the jury that the case of the state was made out by the dying declarations, 'worthy of the same credit as other evidence,' subject to being defeated alone by the defendant proving, beyond a reasonable doubt, or to a moral certainty, or 'to their entire satisfaction,' that it was not possible for Walker to have been at Butler's when he was killed. It makes an *alibi* a defense in the nature of a plea of confession and avoidance in a civil suit; whereas it is not a defense at all in any other sense than as rebutting evidence tending to disprove the fact alleged in the indictment, that Walker killed Butler, the burden of proving which allegation rests on the state throughout the whole trial, and cannot be changed, so far as the action of the jury upon the evidence is concerned, by anything short of an admission upon the record, if such a thing would under any circumstances be a proper proceeding. * * * The obvious error in the charge consists in furnishing the jury with an artificial rule as to the degree in the strength of their conviction * * * concerning the proof of the *alibi*, before it should be allowed to have any influence

on their minds in disproving the fact that Walker was the person who shot and killed Butler; whereas the rule of law is that such evidence of an *alibi* should only be of such weight as to produce upon the minds of the jury a reasonable doubt of the fact affirmed by the state, that Walker was the man who shot Butler. Such a doubt might arise in their minds by the evidence tending to prove the *alibi* before they had arrived at a moral certainty as to the truth of the *alibi*."

In *Johnson v. State*, 21 Tex. App. (1886) 368, Judge HURT reaffirms the rule laid down by Chief Justice ROBERTS, and concludes his opinion with the remark: "We desire simply to add that it is well settled in this state that the burden of proving an *alibi* is not on a defendant; that an *alibi* is an attack on the presence of the defendant at the place of the crime and hence an attack on guilt." To the same effect, also, are the following cases: *Toler v. State*, 16 Ohio State, 583; *Pollard v. State*, 53 Miss. 410; *Miller v. People*, 39 Ill. 457; *Hopps v. People*, 31 Ill. 393; *Watson v. Commonwealth*, 95 Pa. St. 418; *Turner v. Commonwealth*, 86 Pa. St. 54; *Landis v. State*, 70 Ga. 652; *Chappel v. State*, 7 Coldwell (Tenn.), 92; *State v. Hardin*, 46 Iowa, 623; *State v. Jaynes*, 78 N. C. 504.

Indeed, we have found but two states and one territory committed to the doctrine than an *alibi* must be established by the defendant by a preponderance of the evidence, and they are Iowa, Illinois, and New Mexico.

Adhering, then, to the rule that the accused is entitled to an acquittal if the evidence as to the *alibi* raises a reasonable doubt in the minds of the jury, was there error in the giving and refusal of the instructions?

The attorney general, in an able and exhaustive brief, insists that there was no error in the instructions.

If we understand his position, it is, *first*, that it is unnecessary for the court to instruct specifically upon the subject of *alibi* if it has otherwise given a correct instruction on reasonable doubt, with a view to all the evidence in the case; *second*, that, even if required to instruct on *alibi*, the instructions given in this case were consistent, and announced the correct rule.

It was with a view to the review of the cases in this court that a rehearing was granted. Section 4208, Revised Statutes, 1889, provides, among other things, that "the court *must* instruct the jury, in writing, upon all questions of law arising in the case which are necessary for their information in giving their verdict; and a failure to so instruct in cases of felony shall be a good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial." This section was, in spirit, the reiteration of a rule announced over and over again by this court, beginning with *Hardy v. State*, 7 Mo. 608, and extending to the present time.

In view of the conflict of authority as to the burden of proof as to an *alibi* as to the amount of proof required to justify or require an acquittal, one would hardly affirm it is not a question of law arising in a case where there was evidence to sustain it. That it has been deemed a proper subject for instruction by the highest courts of the land will not be denied, in view of the amount of discussion that can be found in the text-books and adjudicated cases. If a question of law, the measure of duty is fixed by the statute. When learned courts disagree as to the proper instruction to give on this subject, it can hardly be assumed that a jury of twelve will be able to reconcile their preconceived opinions in the absence of an authoritative declaration by the court hearing the cause.

If it is the law, as we assume it to be, from the

adjudications of this court, that, if the evidence tending to prove an *alibi* is sufficient to, and does, generate a reasonable doubt of defendant's guilt in the minds of the jury, they must acquit him, surely no enlightened system of jurisprudence would deny one on trial for his life or liberty the benefit of this benign rule of law.

This court has heretofore aligned itself on the affirmative side of this proposition, even in the absence of a statute. Thus, in *State v. Stonum*, 62 Mo. 597, where no instruction was asked, the court, through WAGNER, judge, said: "In *State v. Mathews* (20 Mo. 55), it was expressly adjudged that it is the duty of the court in all criminal cases to instruct the jury as to the law; that if the instructions offered are objectionable, the court should proceed to give such as the law requires."

In *State v. Branstetter*, 65 Mo. 149, this court reversed the cause, because the circuit court failed, of its own motion, to instruct upon all the grades of the offense to which the evidence was applicable. This case was limited, by *State v. Kilgore*, 70 Mo. 558, to the grades of offense.

In *State v. Banks*, 73 Mo. 592, the defendant testified in his own behalf. His testimony tended to show he was guilty of a lower grade of homicide than murder in the first degree, of which he was convicted; but the trial court did not instruct on the lower grade, and this court reversed the case upon that ground alone. In *State v. Palmer*, 88 Mo. 568, it was reasserted.

In *State v. Brooks*, 92 Mo. 542, in a most exhaustive discussion of this particular question, SHERWOOD, judge, in his dissenting opinion reviewed all the cases in this state, and favored the reversal of that cause for the failure of the court to instruct the jury upon the law of extra-judicial confessions, but the majority

of the court held that, as to collateral matters, defend--
ant must ask the instruction if he desired it.   *State v.
Patrick*, 107 Mo. 147; *State v. Henson*, 106 Mo. 66;
*State v. Moxley*, 102 Mo. *loc. cit.* 392.

But this court, in *State v. Sidney*, 74 Mo. 390, held
that the failure of the trial court to instruct the jury
upon the consideration to be given an *alibi*, was rever-
sible error of itself.

In *State v. Kelly*, 73 Mo. 608, the court had sus-
tained the propriety of an instruction for the state, to·
the effect that recent possession of stolen property was.
*prima facie* evidence of guilt, and, if not satisfactorily
explained, became conclusive, but held that this pre-
sumption was disputable and could be rebutted by
evidence of good character.   In the *Sidney case* good.
character was not offered, but evidence of an *alibi* was,
and it was held that evidence of an *alibi* was equally
potential in rebutting the presumption of guilt as good
character.   SHERWOOD, C. J., said:   "In this case, as
in that *(State v. Kelly)*, there was no testimony as to
good character, but there was testimony of equivalent·
force and potency; *testimony of an alibi; testimony
.which tended to rebut the accusation; testimony which, if
believed by the jury, would well have warranted them in
acquitting the prisoner*.   But such testimony was
altogether ignored by the instruction.   This was.
clearly erroneous; for the jury were, in effect, told:
'It is true there is evidence of an *alibi*, but you need.
pay no attention to that, and, if you find that defend-
ant had the stolen property in his possession recently
after the theft, then return a verdict of guilty.'   It is
obvious that testimony as to good character, and testi-
mony as to the absence of the prisoner must occupy
the same footing and be held in the same estimation,
*so far as being the basis for an instruction."*   To the·
same effect was *State v. Bruin*, 34 Mo. 540; *State v.*

*Crank*, 75 Mo. 406; *State v. North*, 95 Mo. 616; *State v. Edwards*, 109 Mo. 315; all of which were reversed because the court failed to give the defendant the benefits of his rebuttal evidence and that of its own motion. Now, all the better considered authorities hold that an *alibi* is not an affirmative, extrinsic defense, *"but merely ordinary evidence in rebuttal."* *State v. Rockett*, 87 Mo. 666; *Walker v. State*, 42 Tex. *loc. cit.* 369; *Toler v. State*, 16 Ohio St. 583; 1 Bishop's Criminal Procedure, secs. 1062–1066; *State v. Jaynes*, 78 N. C. 504.

If proper to require the trial courts to correctly instruct as to its effect in rebuttal in a larceny case, why is it not equally obligatory to instruct upon its bearing in a case of rape, or any other felony.

In *State v. Lewis*, 69 Mo. 92, this court recognized the importance of an instruction on the subject, notwithstanding in that case the jury were fully instructed as to a reasonable doubt upon the whole case. *State v. Edwards*, 109 Mo. 315. But we are confronted by the attorney general with the decisions of this court in *State v. Rockett*, 87 Mo. 666; *State v. Johnson*, 91 Mo. 442; *State v. Sanders*, 106 Mo. 195; *State v. Shroyer*, 104 Mo. 448.

In *State v. Rockett*, this court, without overruling, but expressly distinguishing *State v. Lewis*, held an instruction as to reasonable doubt sufficient *when there was already an instruction on alibi*. Certainly this does not conflict with any view by us herein so far expressed. But the learned judge who wrote that opinion cites *State v. Jennings*, 81 Mo. 185, as an authority, on the instruction as to alibi, but that case was unanimously overruled in *Howell's case*, 100 Mo. 628. *State v. Rockett*, in so far as it approves *Jennings' case*, is to a like extent overruled by *Howell's case*.

In *State v. Johnson*, 91 Mo. 442, the defendant

was indicted for rape. The court gave this instruction.

"4. If the jury believe and find from the evidence that the defendant was not present at the place and times the alleged rape is stated to have been committed, by the prosecuting witness, Kate Farrell, but that the defendant, at the time of the alleged rape, was elsewhere, at another and different place than where the alleged rape is stated to have taken place by said Kate Farrell, then you should acquit the defendant."

Now, this instruction is the same in effect as the number 4 given in this case. It was, as stated by the attorney general, approved by this court; but let us see upon what the court based its decision. NORTON, Chief Justice, said: "The court of appeals *reversed* the judgment of the circuit court, as stated in the opinion, 'because (in the fourth instruction) the jury were directed to the defense of an *alibi* in language which would be likely to convey to their minds the idea that it was a substantive affirmative defense which must be made out by a preponderance of evidenee, an error which was not cured by the giving of an appropriate instruction as to reasonable doubt, in its application to the whole case.' The precise question involved in the above ruling was ruled otherwise by this court in the case of *State v. Jennings*, 81 Mo. 185 and *State v. Rockett*, 87 Mo. 666." He then cites the paragraph of Judge SHERWOOD's opinion in *Rockett's case* already alluded to.

The *rationale* of Judge NORTON's decision is simply that, this court having held in *Jennings' case* that the burden was on the defendant to prove his *alibi* by a preponderance of evidence, the instruction 4, condemned by the court of appeals, was not error because it also required the defendant to make that defense by affirmative proof.

But when the court afterwards, in *Howell's case,* unanimously agreed that *Jennings' case* on this very point was not the law, it swept the whole foundation from *Johnson's case,* and destroyed the only ground upon which it could possible stand, because Judge SHERWOOD in *Rockett's case* had expressly said, in the line of the general rule, *that it was only rebuttal evidence, and not an affirmative defense.* See *State v. Reed,* 62 Iowa, 40; 1 Bishop's Criminal Procedure, 1062–1066. It must follow that *Johnson's case,* like *Jennings' case,* was overruled by *Howell's case.* The instruction number 4, given in this case, is just like the one given in *Johnson's case,* and the one condemned in *People v. Fong Ah Sing,* 64 Cal. 253.

The attorney general denominates so much of Chief Justice RAY'S opinion as approves the California case as *obiter dictum.* This is a misapprehension of the *Howell case.* This court adopted the reasoning of the supreme court of California condemning an instruction which required the defendant to establish his alibi as an affirmative defense. The instruction in *Jennings' case* was in effect the same as in *Howell's case* and *Rockett's case,* and the same as in *Johnson's case* and *Ah Sing's case.* The reasoning condemned the principle involved in each. Judge SHERWOOD, who had written one and agreed to the others, concurred in overruling the *Jennings case.* The *Howell case* was unanimously followed by this division in *State v. Woolard,* 111 Mo. 248. So that the instruction number 4 has been condemned by three decisions of this court, which are irreconcilable with the decisions in *Jennings', Rockett's* and *Johnson's cases.* Inasmuch as the great weight of authority and reason are with *Howell's case,* we see no reason for departing from it, or questioning its controlling authority, and it must be held that instruction number 4 given for the state is

reversible error, unless cured by the general instruction on reasonable doubt, which we understand to be the most serious contention of the attorney general.

Let us see in what position these two instructions left the defendant. The one on reasonable doubt requires the jury to acquit him, if they had reasonable doubt from all the evidence, but the one on *alibi, his only defense*, required them to acquit on that, *only*, if they found that defense to be true. Could two instructions be more inconsistent and irreconcilable? The latter excludes the reasonable doubt, as to the *alibi*. As said by HURT, Judge, in *Johnson v. State*, 21 Tex. App. 368, "These propositions are inconsistent and in direct conflict. If the burden of proof is on defendant to establish his *alibi* by a preponderance of evidence, then the doctrine of reasonable doubt can not possibly apply. Whenever in a criminal or civil case a party is required to prove a fact (and this always means by a preponderance of testimony), the reasonable doubt does not obtain, and can not be applied to the negative or opposite of such fact. If A. be at Galveston at a given time he is guilty, but if at Houston at that time he is not guilty. The burden is on A. to prove that he was at Houston. If this be so, a doubt that he was at Galveston is not in the proposition, because he must prove that he was at Houston, and this proof must be made by a preponderance of evidence; and a doubt that he was at Galveston does not aid his proof that he was at Houston. On the other hand, his proof that he was at Houston may not be by a preponderance of the evidence, but amply sufficient to raise a reasonable doubt that he was at Galveston." See also *Bennett v. State*, 17 S. W. Rep. (Texas) 545.

In the present case the defendant, to correct the error of the fourth instruction, asked the court to instruct that if the evidence as to his *alibi* raised a

reasonable doubt as to his guilt they should acquit him, but the court refused the instruction, clearly indicating that in its opinion, a reasonable doubt alone, created by defendant's evidence, was not sufficient to acquit him. It will not do now to say that the reasonable doubt instruction cured the fourth given for the state. The burden placed upon the defendant to show his presence elsewhere, took away the free action of the minds of the jury in forming a reasonable doubt upon the whole evidence, for the simple reason that the evidence which tended to establish his *alibi* was to be excluded from their consideration on that subject, and to only become available if it established the defense affirmatively.

The instructions are contradictory and the one as to *alibi* erroneous. The defendant's ninth instruction to the extent, *first* that it requires the court to comment upon the evidence, was erroneous; and *secondly*, so much of it as seemingly required the defendant to prove his *alibi* by a preponderance of the evidence was erroneous, but so much of it as stated that it was sufficient, if the evidence upon the *alibi* raised a reasonable doubt of his presence at the time and place of the commission of the crime, was a correct statement of the law

While we do not think the defendant intended to require more by his instruction, we think the criticism of the attorney general on that instruction is just, in that it apparently places the burden of *proving* the *alibi* on defendant as a condition precedent to acquittal, when a reasonable doubt would have sufficed for his acquittal.

The attorney general has with great industry and discrimination collated cases showing that a general instruction to acquit the accused, if they have a reasonable doubt of his guilt on the whole evidence, is

sufficient. Generally speaking, this is true; but, as was said when this case was decided before: "It would have been far better for defendant had the court said nothing on the subject of an *alibi*, for then the general instruction of reasonable doubt would have enabled him to have required the state to show his participation in the crime at the time and place charged;" but the court in this case was not content with such an instruction, but of its own motion went further and required the jury to find (of course from defendant's evidence, for he alone offered testimony to show the *alibi*) as a fact that he was at another place, before he was entitled to have the benefit of a reasonable doubt as to his alleged *alibi*. The authorities cited are no authority for the contradictory and damaging instruction in this case.

The cases cited by the attorney general to show that it is not necessary to tack a reasonable doubt clause to every instruction, unquestionably announced the rule that has prevailed in this court since its organization, for the reason that the reasonable doubt instruction was presumed to qualify each of the other instructions, but that cannot be true in this case. For instance, no court would justify the fourth instruction, if to it could be added the words "beyond a reasonable doubt." This would be to declare that an *alibi* must be proven by defendant beyond a reasonable doubt, a rule that obtains in no state of the union, *and should not in any civilized country*. I say by the defendant, because it goes without saying, that the state will not occupy the contradictory position of attempting to show the defendant was not present at the time and place of the commission of the crime.

The case of *State v. Sanders*, 106 Mo. 188, simply holds that the instruction given in that case was substantially a correct instruction on the subject of *alibi*,

and neither adds to, nor detracts from, any position assumed in this opinion. In the case of *State v. Shroyer*, 104 Mo. 448, no instruction was asked by defendant on the defense of an *alibi*, and the court gave none of its own motion, so that the questions involved in this record were not before us.

For the error in refusing to permit defendant on cross-examination of the witness Miller to ask if the witness had not been arrested for stealing Boulander's billiard balls, and sent to jail, and in giving the fourth instruction on the part of the state and refusing a proper one to defendant as to an *alibi*, the judgment is reversed and cause remanded. As the cause must be tried again, it is thought best that we should express our opinion as to the necessity for instructions on evidence tending to prove an *alibi*.

We think that evidence tending to prove an *alibi* requires the trial court, under section 4208, Revised Statutes, 1889, to instruct the jury on the defense thus raised. If an erroneous instruction on the question is asked by defendant, it is the duty of the court to give a correct one. *State v. Sidney*, 74 Mo. 390; *State v. North*, 95 Mo. 616; *State v. Edwards*, 109 Mo. 315. Especially do we hold that it is error to refuse an instruction on such evidence which informs the jury that if the evidence as to the *alibi* raises a reasonable doubt of defendant's guilt, he is entited to an acquittal. This we regard as settled by *State v. Lewis*, 69 Mo. 92; *State v. Howell*, 100 Mo. 628; *State v. Edwards*, 109 Mo. 315; *State v. Woolard*, 111 Mo. 248.

Wherever it would be the duty of the trial court upon a proper request to instruct the jury upon any material question of law arising on the evidence, it is equally obligatory upon it to instruct the jury upon such matter of its *own* motion whether requested or not.

The judgment is reversed and cause remanded for a new trial. All concur.