## T. L. JACKSON *v.* THE STATE OF MISSISSIPPI.

1. WITNESS. *Impeachment. Conviction of crime. Code* 1892, § 1746.

   It is competent, under code 1892, § 1746, to ask a witness, on cross-examination, if he had not confessed to having been a convict in the penitentiary, and his answer may be contradicted.

2. SAME. *Conviction of crime. How proved.*

   The record of conviction of crime has to be produced only where it is proposed to show that the witness has been convicted, but if the witness is asked concerning his conviction for the purpose of contradicting him by his own confessions, the inquiry is competent without the production of the record.

FROM the circuit court of Lauderdale county.

HON. G. B. HUDDLESTON, Judge.

The appellant was convicted of the unlawful sale of intoxicating liquor. On the trial the defendant's attorney asked the state's sole witness the question: "State whether, about the middle of June of this year, 1896, you were in C. J. Nirdlinger's store, on Twenty-fifth Avenue in this city, and did you then and there tell Nirdlinger that you were a damn mean man, and had served your time in the penitentiary?" An objection by the district attorney to the question was sustained by the court and the defendant duly excepted. Appellant was convicted, and appealed.

· *J. A. P. Campbell* and *F. B. Brahan,* for appellant.

The settled doctrine is that it is admissible, on cross-examination, without producing the record of conviction, to show that the witness has been in jail or penitentiary. Whar. Crim. Ev., secs. 474, 489; 1 Rice on Ev., secs. 286, 613; 29 Am. & Eng. Enc. L., 811, note 6, and cases cited; *State* v. *Ridgly,* 2 Har. & McHenry (Md.), 120; *Ib.,* 378; *State* v. *Miller,* 100

Mo., 606; *State* v. *Taylor*, 118 Mo., 153; *State* v. *Pratt*, 121 Mo., 586; *Com.* v. *Mosier*, 135 Pa., 221; *Real* v. *People*, 42 N. Y., 270; *People* v. *Case*, 72 N. Y., 394; *People* v. *Irving*, 95 N. Y., 541; *State* v. *Lowhorn*, 88 N. C., 683; *State* v. *Pfefferl*, 36 Kan., 90, and many citations; *State* v. *Probasco*, 46 Kan., 310; *Lights* v. *State*, 21 Tex. App., 308; 81 Iowa, 93, 108; 64 Md., 25; 19 Mich., 170; 16 Mich., 40; 47 Mich., 334, and more might be cited, but surely these suffice.

*Wiley N. Nash*, attorney-general, for appellee.
The reporter does not find a brief for the appellee on file.

WHITFIELD, J., delivered the opinion of the court.

It was error to refuse to allow the witness, Kaislee, to be asked, on cross-examination, if he had not confessed that he had been in the penitentiary. Code 1892, § 1746. The statute means, clearly, that such witness may be asked as to his conviction of any crime, and his answers contradicted, and his conviction established by other evidence—the record of his conviction or other competent testimony. And that his own confession would be competent for that purpose is well settled. 29 Am. & Eng. Enc. L., p. 811, and authorities cited in note 6. The record of conviction is said to be the best and only evidence on direct impeachment, but on cross-examination he may be cross-examined, and, if he denies it, contradicted by his own confession, testified to by witnesses. Says the supreme court of Missouri (*State* v. *Taylor*, 118 Mo., 160), quoting and approving 100 Mo., 606: "Such record of conviction only has to be produced when it is proposed to show that the witness has been convicted of some crime, in which case the judgment of conviction is the only competent evidence. It is otherwise, however, when the question is asked the witness for the purpose of honestly discrediting him; then the question is competent. This is the tendency of adjudication in this country," citing Wharton, Chamberlayne's Best and Bishop. See the many author-

ities collated in the brief of learned counsel for appellant. The conviction rested alone upon the testimony of this witness, whose character for veracity was otherwise vigorously assailed.

*Reversed.*